BROWN & McCABE, STEVEDORES, Inc., v. LONDON GUARANTEE & ACCIDENT CO.

(District Court, D. Oregon.    October 11, 1915.)

No. 6514.

INSURANCE ⬥512—EMPLOYERS' LIABILITY INSURANCE—LIABILITY OF INSURER.

Where an employers' liability insurer, recognizing its liability and having ascertained that an injured employé would settle for less than the amount of the policy, refused to pay the claim unless the policy holder would bear half the loss, the insurer, having attempted to coerce the policy holder, is liable, the employé having recovered a judgment considerably in excess of the amount of the policy, for such excess.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬥512.]

At Law.    Action by Brown & McCabe, Stevedores, Incorporated, against the London Guarantee & Accident Company.    On demurrer. Demurrer overruled.

Ralph E. Moody, A. Walter Wolf, and John F. Reilly, all of Portland, Or., for plaintiff.

Griffith, Leiter & Allen, of Portland, Or., for defendant.

BEAN, District Judge.    The case is based on a liability policy issued in November, 1910, by which the defendant company agreed to indemnify the plaintiff against liability for personal injuries sustained by an employé.    The policy provided that immediately after an accident or loss the company should be notified thereof, and if suit or action were commenced it should be advised of same, it to defend such suit or action at its own cost and expense, or settle same as it might deem advisable.    The policy also provided that the assured might settle claims at its own expense, giving immediate notice thereof in writing to the insurance company, or at the expense of the company if authorized to do so in writing, and that no suit should be brought against the company for any loss after 90 days from the payment thereof.

The plaintiff alleges that one of its employés was injured; that the defendant insurance company was immediately notified thereof, investigated the claim, ascertained that there was a liability, and that the

injured party would settle for $3,000, $2,000 less than the face of the policy. It thereupon notified the plaintiff of the offer and demanded that it pay one-half of the amount, or $1,500, stating that, in case the plaintiff would not do so, it would permit the pending action to proceed to trial, and it would necessarily result in a judgment in excess of the face of the policy, so that the assured would ultimately be compelled to pay more than the $1,500. The plaintiff refused to accede to this demand, the case was tried, and the employé recovered a judgment for $12,000. The insurance company thereupon paid $5,000, the face of its policy, and costs, and refuses to pay any more. This action is brought to recover the balance.

Now, I understand from counsel, confirmed by my own investigations, there are no authorities directly in point. It has been held that, under a policy like the one in question, the insurance company has a right to settle with an injured employé or not, as it deems advisable, and if it neglects or refuses to do so, and litigates the matter in good faith, and judgment is recovered for more than the face of the policy, it is not liable for the excess. But that is not this case. This is a case where, according to the allegations of the complaint, the insurance company attempted to hold up the assured and make it pay $1,500, or one-half the loss, and, because it would not do so, suffered the action to proceed to judgment for more than double the face of the policy.

I conclude that under these circumstances the plaintiff should recover, and the demurrer in this case will be overruled.