### BOLING v. NEW AMSTERDAM CASUALTY CO.

No. 23419. May 28, 1935.

Rehearing Denied July 9, 1935.

Searcy & Underwood and William Neff, for plaintiff in error.

James C. Cheek, for defendant in error.

RILEY, J. Appellant, against whom a judgment for $20,000 was obtained by Julia E. Ashbridge for the wrongful death of her husband, resulting from the negligent operation of appellant's automobile (Boling v. Ashbridge, 84 Okla. 280, 203 P. 894), satisfied the judgment, with interest from December 3, 1920, after $5,000 of the amount thereof, the limit of the liability under a policy of automobile liability insurance which had been issued to appellant and which was in force at the time of the wrongful death of Mr. Ashbridge, had been realized in a garnishment proceeding instituted by Mrs. Ashbridge from the New Amsterdam Casualty Company (Boling v. Ashbridge et al., 111 Okla. 66, 238 P. 421). The appellant also, according to the allegations of the present petition, expended the sum of $2,000 in prosecution of the appeal in the cause first above mentioned. Appellant commenced this action for recovery from the insurance company of her detriment occasioned by the conduct of appellee.

The ground for recovery in the instant suit is appellant's bad faith in its failure and refusal to avail itself of the opportunity it had on December 14, 1920, to settle the judgment rendered December 3, 1920, within the $5,000 limit named in the policy of insurance.

It is alleged that after the rendition of the judgment of December 3, 1920, Julia E. Ashbridge offered to accept the sum of $6,000 in complete satisfaction of the $20,000 judgment, provided the same should be paid before the time limited for an appeal expired; that said offer was communicated to defendant, and plaintiff at the time offered to pay the $1,000 in excess of the $5,000 liability of the defendant under its policy. That by the terms of the policy defendant was entitled to have complete charge of the defense to any suit covered by the policy and had the absolute right to determine whether a settlement should be made; that defendant arbitrarily. wrongfully, and oppressively, in disregard of its obligation to plaintiff, refused to allow the settlement to be made unless plaintiff would pay $4,500 of said $6,000, thus to release defendant from $3,500 of its liability under said policy. That defendant at the time knew there was no reasonable prospect of reversing the judgment by an appeal, and in fact did not appeal therefrom. That plaintiff, in order to protect her rights, appealed said cause, with the result stated. That defendant thereby became liable to plaintiff in the sum of $17,000, with interest.

The appellee, by the terms of its policy of insurance, agreed to indemnify the assured from any liability for damages on account of bodily injuries, including death, accidentally suffered by person or persons by reason of the use of assured's automobile. In the event of legal proceedings to enforce any claim for damages arising from any accident covered by the policy, the appellee agreed to **"defend such suit whether groundless or not in the name and on behalf of the assured. The expenses incurred by the company in defending such suit, including costs, if any, taxed against the assured will be borne by the company whether the verdict is for or against the assured irrespective of the limit of liability expressed in the policy."**

The appellee, as insurer, reserved the right to settle within the limits of the policy. Condition "D" of the policy provided:

"The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claims, except at its own cost, nor interfere in any negotiations for settlement or in any legal proceedings conducted by the company, on account of any claim," etc.

Condition "E" provides:

"No action shall lie against the company to recover any loss under or by reason of this policy unless it shall be brought in the name of the assured for loss actually sustained **and paid in money**, by the assured in satisfaction of a judgment after actual trial of the issue, nor unless such action is brought within **two years after such judgment against the assured has been so paid and satisfied."**

A demurrer to plaintiff's amended petition was sustained, and the cause of action was dismissed. This action of the court constituted error.

Appellee contends that whether this is a suit on a written contract or an action in tort, the statute of limitations has run (section 101, par. 1, O. S. 1931, and section 101, par. 3, O. S. 1931), inasmuch as the present action was first commenced May 27, 1926, and the act complained of is the failure of

the casualty company to settle the judgment on December 14, 1920.

No authorities are cited to support the defense of a bar by the statutes of limitation, nor was this defense pleaded below.

The bar of the statute does not appear upon the face of the petition, notwithstanding the allegations of the petition as to time of payment by appellant was subject to being made more definite and certain as to time of payment. Reverting to condition "e" of the contract of insurance, it is the contractual agreement that "no action shall lie against the company to recover any loss under or by reason of this policy unless it shall be brought in the name of the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after actual trial of the issues, nor unless such action is brought within two years after such judgment against the assured has been so paid and satisfied." This court cannot say that the instant action was not brought within two years after satisfaction of the judgment in the original suit.

It is well settled in cases of limited liability insurance that the insurer may so conduct itself as to be liable for the entire judgment recovered against the insured, although the judgment exceeds the amount of liability named in the policy. Some of the cases permit recovery upon proof that insurer in refusing to settle a claim for damages covered by the policy was negligent. Douglas v. U. S. F. & G. Co., 81 N. H. 371, 37 A. L. R. 1477; Cavanaugh Bros. v. General Accident, Fire & Life Assur. Corp., 79 N. H. 186, 106 A. 604; Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Cc. (C. C. A.) 240 Fed. 573. Other decisions require proof that insurer acted in bad faith. New Orleans, etc., R. Co. v. Md. Cas. Co., 114 La. 154, 38 So. 89, 6 L. R. A. (N. S.) 562; Wisconsin Zinc Co. v. Fidelity etc., Co., 162 Wis. 39, 155 N. W. 1081, Ann. Cas. 1918C, 399; Auerbach v. Maryland Cas. Co., 236 N. Y. 247, 140 N. E. 577, 28 A. L. R. 1294. The prevailing rule requires good faith on the part of insurer toward insured. Brassil v. Maryland Cas. Co., 210 N. Y. 235, 104 N. E. 622, L. R. A. 1915A, 629.

The action at bar is predicated on bad faith, which is a thing apart from self-interest and renders unnecessary consideration of the cases based on negligence. Insurer's rejection of the effer to settle because insured would not assume a part of its contractual liability would support a conclusion of bad faith. American Mut. Liability Ins. Co. of Boston, Mass., v. Cooper (C. C. A.) 61

Fed. (2d) 446. Especially when coupled with failure of insurer to either defend the original suit on appeal or settle to the extent of its then liability. The appellant had a cause of action, but it did not accrue until loss had been actually sustained by the payment of the money required by the judgment.

This was a policy of insurance to indemnify against loss as distinguished from a policy to indemnify against liability. As applied to this character of insurance, no action can be brought and a recovery had until the liability is discharged, while upon the other class the cause of action is complete when the liability attaches. Maryland Cas. Co. v. Peppard et al., 53 Okla. 515, 157 P. 106; Curtis & Gartside Co. v. Aetna Life Ins. Co., 58 Okla. 470, 160 P. 465.

"Payment of the judgment was a condition precedent to plaintiff's cause of action, and until that was done it was not damnified within the meaning of the policy; hence was not entitled to be indemnified." Boling v. Ashbridge et al., supra.

The decision in Boling v. Ashbridge, 111 Okla. 66, 238 P. 421, is not decisive of the present controversy.

"The true test, therefore, to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result." Broadwell v. Board Co. Com'rs, Bryan Co., 88 Okla. 147, 211 P. 1040; Cornelius et al. v. Standard Royalties Co., 131 Okla. 112, 267 P. 838; Jeffers & Hackett v. Johnson, 21 N. J. Law, 73.

Appellee insists now and insisted in prior litigation that insured "had it within her power to satisfy the judgment" before it became final on appeal. That had she satisfied the judgment by compromise or otherwise, by payment of money, the insurance company would have then been obligated to reimburse her up to the amount of $5.000, but the failure to create a legal liability against the insurance company then does not entitle appellant to additional damages now.

This reasoning is at least doubtful.

The policy provided:

"Nor shall assured without the written consent of the company * * * settle any claim, except at his own cost."

"The assured shall not voluntarily assume any liability."

It has been held that "the voluntary payment by assured of a judgment recovered against him, before the time for appealing has expired, * * * was a 'settlement' of the claim upon which the judgment was based within the meaning and effect of a condi-

tion in the policy * * * and released the casualty company." Note 71 A. L. R. 1472; Kennelly v. London Guaranty Co., 184 App. Div. 1, 171 N. Y. S. 423. The decision to the contrary cited by appellee, Carthage Stone Co. v. Travelers Ins. Co., 186 Mo. App. 318, 172 S. W. 458 was reversed on appeal (274 Mo. 537, 203 S. W. 822). See, also, Tiger River Pine Co. v. Maryland Cas. Co., 163 S. C. 229; 161 S. E. 491; Boling v. Ashbridge, 111 Okla. 66, 238 P. 421; Brown & McCabe Stevedores, Inc., v. London Guarantee & Acc. Co., 232 Fed. 298; Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Co., 240 Fed. 573; Stovers Furn. Co. v. Am. Ind. Co. (Tex. Com. App.) 15 S. W. (2d) 544.

It seems reasonable, in view of the contractual right reserved to apppellee to conduct the litigation in defense of liability and to make settlement, that at the time the judgment for $20,000 was rendered in the trial court, the burden was upon it to appeal from the judgment in the event it found probable grounds for reversal or to evidence its intention to pay to the extent of its liability. The appellant was fraught with much difficulty. If she voluntarily satisfied the judgment, there was danger of being impaled upon the provision of the policy which relieved the assured of liability in such event. If she did nothing, the judgment became final in full measure.

The appellee then sought to coerce the appellant to assume a major portion of its liability, and this has been held to constitute bad faith. It is so irrespective of whether the character of the policy of insurance is indemnity or liability. It may be stated as a rule of law that where an insurance company agrees to indemnify against loss from personal injury claims, conditioned upon insured's surrendering to the insurance company control of investigations, adjustments of claims, and defenses of lawsuits, and where the insurance company does, pursuant to such contract, take control of such matters, a relationship arises between insured and insurer which imposes on the insurer the duty owing to the insured to exercise skill, care, and good faith to the end of saving the insured harmless as contemplated by the contract to indemnify. The insurer must act honestly to effectually indemnify and save the insured harmless as it has contracted to do—to the extent, if necessary, that it must make whatever payment and settlement an honest judgment and discretion dictate, within the limits of the policy, and an abandonment of this duty to act subsequent to its assumption in part constituted

bad faith. Maryland Cas. Co. v. Cook-O'Brien Const. Co., 69 Fed. (2d) 462; Am. Mut. Liability Co. v. Cooper, 61 Fed. (2d) 446; Maryland Cas. Co. v. Elmira Coal Co., 69 Fed. (2d) 616; Bartlett v. Travelers Ins. Co. (Conn.) 167 Atl. 180. Contra: Rumford Falls Paper Co. v. Fid. & Cas. Co., 92 Me. 574, 43 A. 503.

Judgment reversed and cause remanded, with directions to overrule the demurrer and proceed in conformity with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and GIBSON, JJ., concur.