**AMERICAN FIDELITY & CASUALTY CO. v. ALL AMERICAN BUS LINES, Inc. et al.**

No. 4204.

United States Court of Appeals, Tenth Circuit.

June 23, 1951.

Rehearing Denied July 13, 1951.

Welcome D. Pierson, Oklahoma City, Okl., for appellant.

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

All American Bus lines, Inc., hereinafter referred to as Bus Company, was engaged as a motor carrier in the operation of a bus line in Oklahoma. American Fidelity & Casualty Company, hereinafter referred to as American, issued to Bus Company a

policy of public liability insurance with a maximum coverage of $10,000 for injury to any one person. Security Mutual Casualty Company, hereinafter referred to as Security, issued to Bus Company a policy of public liability insurance which provided coverage for any loss in excess of $10,000 but not in excess of $100,000 for injury to any one person. Each policy contained a provision requiring the insurer to defend all litigation against the insured involving matters covered by the policy; and each contained a conventional provision of subrogation. While both policies were in effect an accident occurred which involved a bus operated by Bus Company; and thereafter Lorena Lairson, a passenger on such bus, instituted in the district court of Creek County, Oklahoma, an action against Bus Company in which she sought damages in the sum of $30,500 for alleged injury sustained in the accident. Pursuant to the obligation contained in its policy, American assumed defense of the action. Shortly before the case was called for trial, plaintiff offered to settle for $5,000. At the direction of American the offer was rejected. Immediately after such rejection, the case went to trial and resulted in a verdict and judgment for plaintiff in the sum of $25,000. Apparently Security did not know of the claim or the pendency of the suit until after entry of the judgment. At least it did not take part in the defense of Bus Company. While the cause was pending on appeal, the parties compromised it for $17,500. American paid $10,000 of that amount; Bus Company paid $7,500; and Security reimbursed Bus Company for its outlay.

After settlement had been effected in the matter outlined, Security referring to the subrogation provision contained in its policy requested Bus Company to assert a claim against American for $7,500 based upon failure to exercise good faith in declining to settle the case in the state court for $5,000. Acting in response to the demand of Security, Bus Company instituted this action against American alleging bad faith in the failure to accept the offer of settlement of the suit in the state court. American answered denying

bad faith. The cause was tried to the court without a jury. The court expressly found bad faith on the part of American and entered judgment against it for $7,500. On appeal, the judgment was reversed on the ground that Bus Company was not the real party in interest and that the action could not be maintained in its name; and the cause was remanded without prejudice to the right of Security, if any, to be substituted as a party plaintiff, and in the event of substitution without prejudice to any appropriate proceedings thereafter in its own name and right. American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 10 Cir., 179 F.2d 7. Following the spreading of the mandate, the court entered an order substituting Security as party plaintiff and directing that all further proceedings in the cause be prosecuted in its name as substituted plaintiff. American filed an answer to the complaint as amended and supplemented by the order of substitution; and it also filed a demand for a jury trial. Security filed a motion for judgment in its favor as substituted plaintiff. Jury trial was denied; judgment was entered for Security for $7,500; and American appealed.

Error is assigned upon the action of the court in substituting Security as the party plaintiff. It is argued in support of the contention that under Rule of Civil Procedure 25, 28 U.S.C., the substitution of a party plaintiff is authorized only on death of a party, on incompetency of a party, on transfer of interest, or on separation of a public officer from his office. And it is further argued that the only procedure available to Security for the assertion of its rights, if any, was to file a new action. The primary purpose of the new rules of federal procedure was to simplify and clarify procedure and to expedite litigation. The rules indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay. And that being their purpose, they should be liberally construed. Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567; Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari

denied, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Fakouri v. Cadais, 5 Cir., 147 F.2d 667, certiorari denied, 326 U.S. 742, 66 S.Ct. 54, 90 L.Ed. 443; Ray v. Morris, 7 Cir., 170 F.2d 498; Dworsky v. Alanjay Bias Binding Corp., 2 Cir., 182 F.2d 803. Bus Company was only a nominal plaintiff. Security was the real party in interest for whose benefit the action was brought. And the substitution did not introduce a new cause of action into the case. In the circumstances presented, it was well within the range of power of the trial court to authorize the substitution of Security as the party plaintiff. To hold otherwise would be nothing less than a narrow and ill-grounded construction of the rules of civil procedure not in harmony with their .intent and purpose.

■ The further contention urged for reversal of the judgment is that the claim of Security pleaded in the complaint as amended and supplemented by the order of substitution of the party plaintiff was barred by the statute of limitations of Oklahoma. The argument is that the litigation involved a claim for damages for the alleged failure of American to perform its duty in good faith under the terms of its contract of insurance; that the suit involved an alleged breach of contract; that the alleged wrong occurred at the time of the rejection of the offer of settlement of the case pending in the state court; that the action of Security was not commenced until entry of the order substituting that company as the party plaintiff; and that it was not commenced within the statutory period of limitation. The original complaint was filed before the statutory period expired. And as already said, the amendment substituting Security as the party plaintiff did not introduce into the case a new or different cause of action. The claim asserted after the substitution arose out of the conduct, transaction, or occurrence set forth in the original complaint. The complaint, both before and after the substitution of Security as the party plaintiff, centered with the same impact and force around the pivotal question whether American failed to exercise good faith in declining to settle the case pending

in the state court. It is clear that under Rule of Civil Procedure 15(c), the complaint as amended and supplemented by the order substituting Security as the party plaintiff related back to the filing of the original complaint and therefore the claim was not barred by limitation. Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, certiorari denied, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624.

■ Complaint is made that the court denied the demand of American for a jury trial. It is said that in its answer to the complaint as amended and supplemented by the order substituting Security as the party plaintiff, American set up a great number of defenses which involved issues of fact, for instance the question of good faith or bad faith in the rejection of the offer of settlement of the case pending in the state court; and that as between Security and American, the latter was entitled to a jury trial of such issues. Under Rule of Civil Procedure 38, the right of jury trial of an issue is waived unless a demand for it is made not later than ten days after service of the last pleading relating to such issue. American was the defendant in the action from its beginning. The issue of bad faith on its part in rejecting the offer of settlement of the action pending in the state court was squarely joined on the face of the original complaint and the original answer. No demand was made for a jury trial of that issue within ten days after the filing of the answer, and it was fully tried to the court without a jury. The substitution of Security as the party plaintiff did not change in any matter that issue. Neither did it change in any substantial respect any other issue of fact in the case. American had effectively waived its right to a jury trial. And the substitution of Security as the party plaintiff, without injecting into the case any new or different issues of fact, did not create in American ·a new right to demand a jury trial. Neither did it revive such right. Even though in such circumstances the court had the power in its discretion to grant a jury trial, the denial of the demand of American did not constitute reversible error. Roth v. Hyer,

5 Cir., 142 F.2d 227, certiorari denied, 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573.

■ American presents the contention that Security, having paid under its policy of excess insurance a certain sum in settlement of a claim for personal injury, was not entitled to recoup its loss in an action against American for alleged bad faith on the part of American for failing to settle within the limits of its policy of primary insurance the case pending in the state court. The substance of the argument is that American owed no contractual duty to Security; that Security's action was bottomed on the subrogation clause contained in its policy; that the right of subrogation does not obtain in favor of an insurance company discharging a debt in the performance of its own obligation; and that therefore as a matter of law Security was not entitled to recover against American. The contention was presented on the former appeal, and we found ourselves unable to sustain it. We said in effect that the equities between the two companies were not equal; that American was allegedly guilty of bad faith while Security was at most guilty of breach of contract; and that, as between the two, it would be just and equitable for American to bear the loss occasioned by its own misconduct. Nothing need be added to what was there said. We are content to reiterate it without elaboration.

■ One further question calls for consideration. American does not challenge the settled law in Oklahoma that where an insurance company pursuant to the obligation created by its policy of liability insurance acts on behalf of the insured in the conduct of litigation, it must exercise good faith toward the insured in determining whether an offer of compromise and settlement within the limits of its policy shall be accepted or rejected; that in determining whether such an offer shall be accepted or rejected, it may properly give appropriate consideration to its own interest; that it must also give equal consideration to the interests of the insured; and that its failure to do so constitutes bad faith which renders it liable to the insured for any resulting damage if the judgment against the insured exceeds the amount of the insurance. Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916; National Mutual Casualty Co. v. Britt, 203 Okl. 175, 200 P.2d 407; American Fidelity & Casualty Co. v. All American Bus Lines, supra; American Fidelity & Casualty Co. v. G. A. Nichols Co., 10 Cir., 173 F.2d 830. But American urges with emphasis that the finding of bad faith on its part in rejecting the offer of settlement of the case in the state court is not sustained by the evidence, is contrary to the evidence, and is contrary to law. It would not serve any useful purpose to detail the evidence adduced upon the trial relating to the issue of bad faith. Viewed in the light of all the evidence, together with the inferences fairly to be drawn from it, we cannot say that the finding of bad faith was clearly erroneous; and therefore it must stand on appeal. Having exercised bad faith in rejecting the offer of settlement, American became liable to Bus Company for the $7,500 which the latter paid in the discharge of the judgment rendered in the state court. National Mutual Casualty Co. v. Britt, supra. And when Security reimbursed Bus Company for such outlay, it became subrogated to the rights of Bus Company to enforce such liability.

The judgment is affirmed.