**AMERICAN FIDELITY & CASUALTY COMPANY, a Corporation, Plaintiff in Error,**

v.

**L. C. JONES TRUCKING COMPANY, a Corporation, Defendant in Error.**

**No. 37439.**

Supreme Court of Oklahoma.

Nov. 13, 1957.

Rehearing Denied Jan. 21, 1958.

Application for Leave to File Second Petition for Rehearing Denied Feb. 18, 1958.

Welcome D. Pierson, Oklahoma City, for plaintiff in error.

Sam S. Gill, Oklahoma City, for defendant in error.

JOHNSON, Justice.

The facts material in the consideration of this case are that plaintiff, L. C. Jones Trucking Company, a Corporation, carried an insurance policy with the defendant, American Fidelity and Casualty Company, a Corporation. The defendant, as insurer, agreed to indemnify plaintiff against all liability imposed by law for damages on account of injuries to plaintiff's employees, not in excess of $25,000 as to any one employee.

On June the 14th, 1948, an employee, Jess Eppler, sustained bodily injuries for which he recovered damages in the sum of $31,000 against the insured, L. C. Jones Trucking Company, plaintiff herein. The defendant herein controlled and conducted the defense of that suit in the name and on behalf of the plaintiff herein. The judgment became final, Jones v. Eppler, Okl., 266 P.2d 451, 48 A.L.R.2d 333, and was paid $25,000 by the defendant herein and the balance by plaintiff herein.

Plaintiff brought this action in damages against defendant herein for judgment for $7,135.49, which represents the amount over the policy limit which plaintiff paid on the judgment, charging that defendant acted in bad faith in refusing to accept offers of compromise and settlement for an amount less than the policy limit made by Eppler, and that in the conduct of the defense of the suit the defendant acted in bad faith.

The defendant denied bad faith in the defense of the action and asserted faithful performance of all the terms of the policy. Jury verdict was returned in favor of plaintiff in the sum of $7,135.49. Judgment was entered thereon, and defendant brings this appeal.

■ It is established by the greatly predominant weight of authority in this country that a public-liability insurer may be liable for the entire amount of a judgment obtained against the insured regardless of any policy limitation, if the insurer's handling of the claim, including a failure to accept a proffered settlement, was done in such a manner as to evidence bad faith. While there is considerable divergence of opinion on the rationale of the recovery, almost all authorities, including Oklahoma, see National Mutual Casualty Co. v. Britt, 203 Okl. 175, 200 P.2d 407, 218 P.2d 1039, and cited cases, agree that the insured may recover on ground of negligence, bad faith or fraud in the insurer's conduct with respect to its responsibility.

■■ The reason for the rule is apparent when the respective rights and liabilities of the parties are considered. Although the contract is primarily one of indemnity, it operates at the same time to create an agency relationship in its provision for the insurer's control over the disposition of claims. Both parties have definite and separate interests in the disposition of such claims.

What weight the insurer must accord to the insured's interest is not determinable by any fixed standard. Some courts have held that where the parties' interests are conflicting, the insurer need not consider the insured's. Yet, in at least one jurisdiction, it has been held that in such a situation the insurer's interest must yield. The predominant majority rule is that both parties' interests must be given the same faithful consideration. The fairest method of balancing the interests is for the insurer to treat the claim as if the insurer alone were liable for the entire amount.

For application of the above philosophy, see National Mutual Casualty Co. v. Britt, supra, and cited cases, Boling v. New Amsterdam Casualty Company, 173 Okl. 160, 46 P.2d 916; American Fidelity and Casualty Company v. G. A. Nichols Co., 10 Cir., 173 F.2d 830; and American Fidelity and Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234. The last two cases are Oklahoma cases.

The nature and extent of the injuries of Jess Eppler, the plaintiff's employee, are summarized in Jones v. Eppler, supra; therefore, we will not again narrate same herein.

Testimony was offered by both parties relative to their respective claims, but it was established and unquestioned that the defendant had control of the defense and conducted the trial procedures in the case, and that before the verdict and judgment the claim could have been compromised and settled for $15,000 (which settlement the plaintiff wanted to accept); that after the verdict of $31,000 in favor of plaintiff's employee, Eppler, the cause could have been settled for $25,000, but that in every instance the defendant refused to accept the proffered settlement and continued in the prosecution of the defense until after ap-

peal to the Supreme Court of Oklahoma and final judgment.

Upon these facts and others not herein narrated and under these circumstances, the jury found that defendant failed to exercise good faith in handling the claim against plaintiff, which facts now inhere in the verdict and judgment based thereon.

This finding and judgment is reasonably sustained by the evidence, and from our examination of the entire record we think that the verdict and judgment is not contrary to the law governing such cases.

In the case of American Fidelity and Cas. Co. v. All American Bus Lines, supra, the court answered well the contentions of the defendant herein. Therein the court (190 F.2d at page 238) said:

"American does not challenge the settled law in Oklahoma that where an insurance company pursuant to the obligation created by its policy of liability insurance acts on behalf of the insured in the conduct of litigation, it must exercise good faith toward the insured in determining whether an offer of compromise and settlement within the limits of its policy shall be accepted or rejected; that in determining whether such an offer shall be accepted or rejected, it may properly give appropriate consideration to its own interest; that it must also give equal consideration to the interests of the insured; and that its failure to do so constitutes bad faith which renders it liable to the insured for any resulting damage if the judgment against the insured exceeds the amount of the insurance. Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916; National Mutual Casualty Co. v. Britt, 203 Okl. 175, 200 P.2d 407, [218 P.2d 1039]; American Fidelity & Casualty Co. v. All American Bus Lines, supra; American Fidelity & Casualty Co. v. G. A. Nichols Co., 10 Cir., 173 F.2d 830. *But American urges with emphasis that the finding of bad faith on its part in rejecting the offer of settle-*

*ment of the case in the state court is not sustained by the evidence, is contrary to the evidence, and is contrary to law. It would not serve any useful purpose to detail the evidence adduced upon the trial relating to the issue of bad faith. Viewed in the light of all the evidence, together with the inferences fairly to be drawn from it, we cannot say that the finding of bad faith was clearly erroneous; and therefore it must stand on appeal. Having exercised bad faith in rejecting the offer of settlement, American became liable to Bus Company for the $7,500 which the latter paid in the discharge of the judgment rendered in the state court. National Mutual Casualty Co. v. Britt, supra. * * *"* (Emphasis ours.)

For the reasons stated above, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.

HALLEY and WILLIAMS, JJ., dissent.

HALLEY, Justice (dissenting).

I dissent to the majority opinion in this case because I am unable to find in the record of this case any evidence that the insurance carrier was guilty of either negligence or bad faith in its refusal to settle the case of Eppler v. Jones, which became Jones v. Eppler, Okl., 266 P.2d 451. The only evidence of alleged negligence is that the defendant insurance company refused to accept propositions of settlement made in the case of Eppler v. Jones. The defendant hired an able and experienced lawyer who had devoted many years of his professional life to the defense of personal injury actions. There was nothing to show that he was negligent or arbitrary in this matter. From the evidence it is clear that in his opinion there was no liability on the part of L. C. Jones Trucking Company or L. C.

Jones to Eppler. After losing in the trial court he was still convinced of the soundness of his position and appealed to this Court where he submitted an able and comprehensive brief of one hundred and eighty seven pages. Although the decision of this Court was adverse to his position only six Justices participated in the opinion and of those participating one Justice concurred in part and dissented in part. I submit that there is no evidence in this case of negligence or bad faith on the part of the insurance carrier.

I am not unmindful of the two Oklahoma cases on this question which are Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916 and National Mutual Casualty Co. v. Britt, 203 Okl. 175, 200 P.2d 407, 218 P.2d 1039. The Boling case reversed the trial court for sustaining a demurrer to the petition which alleged bad faith and in the Britt case there was evidence offered which this Court thought showed negligence and bad faith.

In my judgment the proper rule in this case has been laid down by the Pennsylvania Supreme Court in Cowden v. Aetna Casualty and Surety Company, 389 Pa. 459, 134 A.2d 223, 224, decided June 28, 1957. I set out three of the headnotes therein:

"Insurer has no absolute duty to settle claim though possible judgment may exceed policy coverage, and it is not required to submerge its own interests and to make insured's interests paramount.

"In insured's action against automobile liability insurer for failure to settle action for injuries sustained by automobile passenger when automobile collided with insured's truck which had been parked, partially on highway, for a sum which was in excess of policy limits but which was less than judgment finally rendered, evidence on issue of whether insurer had been guilty of bad faith was insufficient for jury.

"For insured to recover from his public liability insurer based on insurer's refusal to accept offer of settlement which, though it was in excess of policy limits, was below judgment finally rendered, insured was required to establish bad faith by clear and convincing evidence."

I consider the case of Hall v. Preferred Accident Insurance Co. of New York, 5 Cir., 204 F.2d 844, 40 A.L.R.2d 162, and extensive note at page 168, which was cited in the Pennsylvania case as very helpful in the controversy before us. See also 45 C.J.S. Insurance § 936 b.

Surely to make an insurance carrier liable in a case of this nature something else must be shown than the refusal to accept propositions of settlement. If the majority view is to be the law, an insurance carrier must accept all such propositions or be liable at his peril for any judgment regardless of the amount. In my opinion that is not sound law.

I dissent.