**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a corpo-ration, Appellant,**

v.

Carl T. SKAGGS and Marianne Heltcel, an infant, by and through Willie Anita Russell, her mother and next friend, Appellees.

No. 5655.

United States Court of Appeals
Tenth Circuit.

Dec. 13, 1957.

See, also, 234 F.2d 66.

Clayton B. Pierce, Oklahoma City, Okl. (Pierce, Mock & Duncan, Oklahoma City, Okl., of counsel, were with him on the brief), for appellant.

Howard K. Berry, Oklahoma City, Okl. (Jack Cecil Wheeler and William A. Hennessy, Oklahoma City, Okl., were with him on the brief), for appellee.

Before PHILLIPS, MURRAH and BREITENSTEIN, Circuit Judges.

PHILLIPS, Circuit Judge.

State Farm Mutual Automobile Insurance Company[1] issued its policy of automobile liability insurance to Leon H. Heltcel.[2] The portions of the policy here material read as follows:

"I. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \* \*

"III. Definition of Insured. With respect to the insurance for bodily injury liability * * * the unqualified word 'insured' includes the named insured and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person * * * other than the named insured does not apply: * * *

"(e) Under Coverage A, to any obligation for which the insured or any company as his insurer may be held liable * * * to the insured or any member of the family of the insured residing in the same household as the insured; * * * *."

The policy was in full force and effect on May 9, 1953. On that date an automobile, owned by Heltcel and covered by the policy, which was being driven with Heltcel's consent by Carl T. Skaggs, and in which Heltcel was a passenger, was involved in an accident which resulted in Heltcel's death.

Marianne Heltcel, a minor daughter of Heltcel's, who, at the time of his death, resided in Texas with her mother, the divorced wife of Heltcel, instituted a statutory wrongful death action in a state court of Oklahoma. Skaggs delivered the summons in the state court action to the Insurer and requested that it defend the action. In a letter to Skaggs, dated February 12, 1954, and written by Pierce, Mock & Duncan, attorneys for the Insurer, the Insurer declined and refused to defend the state court action and disclaimed any obligation to satisfy or discharge any judgment which might be recovered against Skaggs in such action. As a reason for the Insurer's denial of liability under the policy, the letter stated:

"You are advised that the policy of insurance issued by State Farm Mutual Automobile Insurance Company to Leon H. Heltcel, * * * contains an exclusion under subdivision 'E' of the Exclusions which provides that the policy does not apply as respects the injury to or death of the insured, and it is for this reason that State Farm Mutual Automobile Insurance Company disclaims any obligations under its policy issued to Leon H. Heltcel."

Skaggs employed Jack Cecil Wheeler, a member of the Bar of the State of Oklahoma, to defend the state court

---

1. Hereinafter called the Insurer.

2. Hereinafter called Heltcel.

action. Thereafter, on May 5, 1954, Skaggs, acting through Wheeler, notified the Insurer that Marianne Heltcel had offered to settle her claim against Skaggs for $10,000, the limit of the Insurer's liability under the policy, and demanded that the Insurer "either settle this claim or defend him (Skaggs) in the action." The Insurer again refused to defend the action and refused to settle the claim of Marianne Heltcel.

The Insurer did not at any time assume any control over the state court action.

On August 17, 1954, Marianne Heltcel recovered a judgment against Skaggs in the state court action for $16,608. Thereafter, she instituted a garnishment proceeding against the Insurer, as garnishee, in the United States District Court for the Western District of Oklahoma. In the garnishment action the Insurer asserted the defense that under the terms and conditions of its policy, it was not bound to defend the action for the death of its named insured, nor to pay any judgment for such death, for the reason that such "hazard" was specifically excluded by the terms of the policy. The garnishment action resulted in a judgment in favor of the Insurer-garnishee. On appeal from that judgment this court reversed. See Heltcel v. Skaggs, 10 Cir., 234 F.2d 66. On remand the trial court entered judgment in favor of Marianne Heltcel against the Insurer for $10,000, plus interest of $1,150 and costs of $173.66, or a total of $11,323.66. That judgment was paid by the Insurer.

Thereafter, the instant action was commenced by Skaggs against the Insurer; seeking a judgment adjudging and declaring that it was the Insurer's legal duty to satisfy and discharge the balance of the judgment in favor of Marianne Heltcel in the state court action and reimburse Skaggs for the counsel fees incurred by him in that action. By leave of court Marianne Heltcel intervened in the instant action and sought recovery of the balance due on her judgment. In its answer in the instant action

the Insurer alleged that it had paid to Marianne Heltcel the amount adjudged against it in the garnishment action, namely, $10,000, together with interest and the costs, and that its refusal to defend Skaggs in the state court action and its denial of liability under the policy were made in good faith and upon the advice of counsel.

In the instant case, the trial court concluded that under the provisions of the policy the Insurer owed a duty to defend the state court action in behalf of Skaggs as an additional insured; that if the Insurer had defended the state court action, under the situation that arose during the course of such action "good faith and/or due diligence, would have reasonably required a settlement within policy limits" and "the insurer would have had an obligation to settle," and such an obligation could not "be removed, or avoided, by a complete breach of its contract to defend."

The trial court entered judgment against the Insurer and in favor of Skaggs for $11.80 as damages resulting from a wage garnishment, $1,000 for attorney's fees incurred by Skaggs and $6,608, with interest from August 17, 1954, being the balance due on the state court judgment against Skaggs, and adjudged that Marianne Heltcel was entitled to the benefits of such judgment to the extent of $6,608, with interest from August 17, 1954.

The Insurer has appealed. It admits its liability to Skaggs for attorney's fees incurred by him in the state court action. It denies liability for the undischarged balance of the judgment recovered by Marianne Heltcel against Skaggs.

Where an insurance company, under the terms of its liability policy has the duty to defend an action brought against its insured and the right to control the defense of the action and determine whether a compromise of the claim shall be made, and the insurance company assumes such defense, while it may properly give consideration to its own

interests, it must in good faith give equal consideration to the interests of the insured and if it fails to do so, it acts in bad faith.[3]

In Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916, 919, the court said:

"* * * where an insurance company agrees to indemnify against loss from personal injury claims, conditioned upon insured's surrendering to the insurance company control of investigations, adjustments of claims, and defenses of lawsuits, and where the insurance company does, pursuant to such contract, take control of such matters, a relationship arises between insured and insurer which imposes on the insurer the duty owing to the insured to exercise skill, care, and good faith to the end of saving the insured harmless, as contemplated by the contract to indemnify. * * * "

In American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, 238, the court said:

"* * * American does not challenge the settled law in Oklahoma that where an insurance company pursuant to the obligation created by its policy of liability insurance acts on behalf of the insured in the conduct of litigation, it must exercise good faith toward the insured in determining whether an offer of compromise and settlement within the limits of its policy shall be accepted or rejected; that in determining whether such an offer shall be accepted or rejected, it may properly give appropriate consideration to its own interest; that it must also give equal consideration to the interests of the insured;

and that its failure to do so constitutes bad faith which renders it liable to the insured for any resulting damage if the judgment against the insured exceeds the amount of the insurance. * * * "

But here, the Insurer did not assume the defense of the action brought by Marianne Heltcel. It in nowise undertook to control such defense or to determine whether a compromise of the claim should be made. It denied its duty to defend and denied any liability under the policy. Under the language of the policy, there was substantial basis for the Insurer's denial of coverage. This is manifested by the fact that the trial court in the garnishment proceeding held there was no coverage and by the statement of this court in Heltcel v. Skaggs, 10 Cir., 234 F.2d 66, 68:

"It is of no moment that *under one rational interpretation of the exclusion, the appellee-insurer may be relieved of its duty to indemnify the additional insured for his legal obligation in question,* when under a different construction of the same exclusion, resting upon an equally rational basis, the appellee's duty of indemnification is clear. * * * " (Italics ours.)

The relation between the Insurer and Skaggs was contractual. True, the Insurer breached its contract and is liable to Skaggs for the damages caused by such breach, but under the facts here presented, there is no rational basis for a finding that the Insurer, by refusing to defend the action and denying coverage under the policy, acted in bad faith.[4]

Whether, when a liability insurance company denies its duty to defend an action, denies coverage and refuses to accept an offer of settlement within the

---

3. National Mutual Cas. Co. v. Britt, Okl., 200 P.2d 407, 411; Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916, 919; American Fidelity & Cas. Co. v. G. A. Nichols Co., 10 Cir., 173 F.2d 830, 832; American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, 238.

4. See Fidelity & Casualty Co. of New York v. Gault, 5 Cir., 196 F.2d 329, 330; Kleinschmit v. Farmers Mutual Hail Ins. Ass'n, 8 Cir., 101 F.2d 987, 989.

limits of its policy, and its claim of non-coverage is wholly groundless and without substantial foundation, it would be liable for the amount of a judgment against the insured in excess of the limit of the policy, we do not determine. That is not this case.

The cause is remanded, with instructions to modify the judgment by striking therefrom the awards to Skaggs of $11.80 and $6,608 with interest from August 17, 1954, by vacating that part of the judgment in favor of Marianne Heltcel, and by awarding to the Insurer its costs in this court, to be taxed by the clerk of this court.