Thomas E. MOORE, Trustee in Bankruptcy for Charley Delcoure, a bankrupt, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation, Appellee.

No. 7155.

United States Court of Appeals Tenth Circuit.

Dec. 18, 1963.

Melone, Robertson & Melone, Jerry M. Melone, Tulsa, Okl., Baker H. Melone, Oklahoma City, Okl., Young, Young & Young, by Glenn A. Young, Sapulpa, Okl., for appellant.

Alfred B. Knight, Tulsa, Okl., for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

Appellee, United States Fidelity & Guaranty Company, brought this declaratory judgment action to determine its liability to the insured, Charley Delcoure, by virtue of its public liability insurance policy. The issue here, as in the trial court, is framed by the counterclaim of the Trustee in Bankruptcy for the insured, wherein he seeks to recover an amount in excess of appellee's policy limits, on the ground that the appellee "failed, neglected and refused" to settle a certain personal injury action against the insured, within the policy limits. Federal jurisdiction rests upon diversity of citizenship and the requisite amount in controversy.

The coverage of the subject policy limited the insurer's liability to $5,000 for each person injured, " * * * including damages for care and loss of services arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, * * * " and a total of $10,000 for bodily injury or death " * * * sustained by two or more persons as the result of any one accident." While such insurance coverage was in full force and effect, an automobile accident resulted in three separate lawsuits being filed against the insured, and others as co-defendants. One of the suits by Alma Ruth Herod, the driver of one of the automobiles, sought $50,000 for bodily injury, medical expense, pain and suffering; another suit by her husband sought $50,000 for the loss of her services and consortium, together with a claim for property damage to the automobile she was driving; and, a third suit for their minor child, a passenger in the automobile, sought $8,000 for bodily injury, medical expense, pain and suffering. The trial of the wife's personal injury action resulted in a judgment against the insured in the amount of $25,000. The derivative action of the husband and the personal injury action of the minor child remain untried and pending. Subsequently, the insured took voluntary bankruptcy, and this declaratory judgment action was tried to the

Court below, upon the counterclaim of the Trustee in Bankruptcy.[1] The trial Court entered judgment for the insurer, based upon its findings that the insurer was not guilty of bad faith in its conduct of the insured's defense to the Alma Ruth Herod lawsuit, and in rejecting offers in settlement made prior to the trial of that case.

■■ It is a well established rule in Oklahoma, followed in this Circuit, that the right of an insurer to control litigation under public liability policies of this kind, " * * * carries with it the correlative duty to exercise diligence, intelligence, good faith, honest and conscientious fidelity to the common interest of the parties." Traders & General Ins. Co. v. Rudco Oil & Gas Co. (10 C.A.), 129 F.2d 621, 627, 142 A.L.R. 799. And see: Harbin v. Assurance Company of America (10 C.A.), 308 F.2d 748; and Pendleton v. Pan American Fire & Casualty Company (10 C.A.), 317 F.2d 96. As the fiducial agent of the insured, with a conflict of interest, the insurer is required to exercise good faith in determining whether an offer of settlement or compromise should be accepted or rejected, at the risk of incurring liability beyond its policy limits. See: American Casualty Co. v. Howard, 4 Cir., 187 F.2d 322; National Mutual Casualty Co. v. Britt, Okl., 200 P.2d 407; Johnson v. Hardware Mutual Casualty Co., 109 Vt. 481, 1 A.2d 817; and 67 Harvard Law Rev. 1136. But, the duty thus imposed does not require the insurer to prophesy or foretell the results of litigation at its peril, or correctly interpret its coverage under the policy for purposes of settlement, at the risk of liability beyond the policy limits. See: American Fidelity & Casualty Co. v. G. A. Nichols Co. (10 C.A.), 173 F.2d 830; American Fidelity & Casualty Co. v. All American Bus Lines, Inc. (10 C.A.), 179 F.2d 7; American Fidelity & Casualty Co. v. All American Bus Lines, Inc. (10 C.A.), 190 F.2d 234; St. Paul-Mercury Indemnity Co. v. Martin (10 C.A.), 190 F.2d 455; and Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916.

The attorney for the Herods wrote a letter to the attorney for the insurer, offering to settle both the Alma Ruth Herod lawsuit and her husband's derivative action " * * * for the limit of Charley Delcoure's liability policy, * * " without mentioning the amount. The Trustee takes the position that this offer was mutually advantageous to the insurer and the insured, and that the insurer's duty to exercise good faith required it to accept the offer. The insurer takes the position that the offer to settle the two lawsuits "for the limit" of the liability policy was based upon the erroneous assumption that the husband's derivative action served to invoke the $10,000 limits of the policy, as one for bodily injury " * * * sustained by two or more persons as the result of any one accident." There was proof and the trial Court found that on several occasions, the insurer orally offered to settle these two lawsuits for $5,000—the policy limit "for all damages * * * arising out of bodily injury * * * sustained by one person as the result of any one accident."

From all the written and oral proof in this case, it is apparent that this lawsuit arose out of the divergent interpretations of the policy limits, and specifically whether the $10,000 policy limits were accessible to the husband's consortium suit. The trial Court apparently interpreted the policy as providing only the $5,000 limit accessible to the Alma Ruth Herod lawsuit and her husband's derivative action. But, the issue of actionable bad faith does not turn

---

1. The declaratory action by the insurer named the insured, and interpleaded all parties plaintiff in the third-party cases arising out of the automobile accident, and sought a declaration of its total liability under the policy. But, the only issue surviving the pre-trial order, and the only issue tried and decided by the trial Court, is the insurer's liability for the Alma Ruth Herod judgment, based upon the insurer's alleged bad faith refusal to settle her lawsuit and her husband's consortium action, for a proffered amount within the asserted limits of the policy.

on the correct interpretation of policy limits. Indeed, we are not asked to determine whether the husband's consortium action or the minor child's personal injury action invoked the $10,000 limits of the policy. For the purposes of our lawsuit, it is relevant that the policy was reasonably susceptible to the interpretation given it by the insurer, in its negotiations for settlement of the claims against its insured.

The trial Court found that the insured was advised, both by letter and verbally, that the lawsuits against him sought judgments in excess of the coverage of the policy and that he could secure counsel of his own choice to assist in the defense of the lawsuits; that although the insured knew of the various offers of settlement by counsel for the Herods, he never made demand upon the insurer to settle the suits for any amount; and, that the insured has always been satisfied with the manner in which the insurer handled the defense of the case, and did not believe that it was guilty of bad faith in failing to settle.

The findings of the trial Court are amply supported by the evidence, and as the owner of the claim, the insured's conduct and admissions would have undoubtedly justified a conclusive finding against him. But no one seems to doubt that the asserted right of action was transferable under applicable Oklahoma law, hence passed to the Trustee in Bankruptcy under 11 U.S.C. § 110, sub. a(5). See: Brown v. Guarantee Insurance Company, 155 Cal.App.2d 679, 319 P.2d 69, 66 A.L.R.2d 1202. We will, therefore, assume with the trial Court that the suit was maintainable by the Trustee. The Trustee contends that the insured, being unlettered and uninformed, was over-reached by the representations of the insurer concerning his rights. But even so, the Trustee must stand in the insured's shoes, as a representative of his creditors. The claim originates with the insured, and it is the same claim when asserted by the Trustee. And, as the contract is between the insured and the insurer, the duty of good faith runs to the insured and inures to third parties only as a derivative right of action. While evidence of the insured's ignorance of the fact and law may be evidence of bad faith, whether asserted by the insured or his transferee, his attitude about the insurer's conduct is also evidence of good faith, to be weighed with all of the other facts in determining the ultimate question of good faith conduct. The trial Court has conclusively resolved that question on competent evidence, and the judgment is affirmed.