27979. RHODES *v.* MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

. DECIDED MARCH 15, 1940. ADHERED TO ON REHEARING, MARCH 30, 1940.

*John B. Morris,* for plaintiff.

*J. H. & Emmett Skelton, Carey Skelton, A. S. Skelton,* for defendant.

FELTON, J. Walter Rhodes sued the Mutual Benefit Health and Accident Association on a policy of insurance providing for benefits of $60 per month for total and permanent disability. The defendant contended that the policy was void because procured by fraud, in that false answers material to the risk were made in the application, with knowledge on the part of the plaintiff that they were untrue when made. The judge directed a verdict for the defendant, and the plaintiff excepted.

1. The refusal to permit the plaintiff to testify that he was an uninsurable risk at the time of the trial was not harmful error. He subsequently testified that he was totally disabled at that time. There was no offer on plaintiff's part to give first the facts upon which he based his conclusion, and he did not qualify as an expert.

2. It was not error to admit in evidence certain records filed by the plaintiff in connection with his claim for world-war veteran's compensation, over his objections that the records (1) were privileged, (2) were not germane to the issue being tried, (3) were hearsay, (4) it had not been established that the witness identify-

ing the records made them and kept them, and (5) they encumbered the record. The papers constituting this record were filed by the plaintiff, and he admitted the truth of everything they showed. They were relevant on the questions whether the plaintiff had certain diseases at the time he signed the application for the policy sued on, and his good faith in making the answers in the application.

3. It was not error to refuse to permit the plaintiff to testify that he did not make any statement contained in the application that was false and fraudulent. He testified that he was asked no questions and made no statements at all. The court ruled that if he testified that he made any statements, it would permit him to testify that they were not false and fraudulent.

4. It was not error to permit the defendant's counsel to cross-examine the plaintiff as to his testifying before a government compensation-rating board, to the effect that he was claiming *service connection* on arthritis, for the reason that the evidence was pertinent on the question whether the plaintiff had arthritis at the time of his application for the policy sued on, in which it was stated that he did not have arthritis at the time of the application, which was dated subsequently to the veterans' world-war service.

5. The plaintiff was estopped to contend that the photostatic copy of the application for insurance was not in fact an exact copy of the original. The copy of the application was attached to the policy sued on, and was a part thereof. The plaintiff could not rely on his policy for a recovery, and at the same time seek to destroy a part of it. It was not error for the court to admit in evidence the original application, the signature on which the plaintiff did not deny, over the objection that the original application was not identified, because the plaintiff testified that the agent of the insurance company signed the original, and because the photostatic copy did not have the agent's signature thereon.

6. It was not error to refuse to rule out the following question to and answer from the witness Hawkins, sworn for the insurance company: "You may now state whether or not the action that you would have taken had you known of the condition of the applicant, Walter Rhodes, and his previous history as set forth in the answers to the preceding interrogatories, was in keeping with such rules and regulations of good underwriting as practised by companies

generally in this country?" Answer: "Yes, sir." The question and answer were meaningless and harmless. The witness did not profess to testify that if he had known the applicant's condition he would not have issued the policy.

7. An assignment of error on the direction of a verdict on the ground that it was contrary to law, contrary to the evidence, clearly and strongly against the weight of the evidence, without evidence to support it, and against the principles of justice and equity, is insufficient to raise the question whether or not there were issues of fact which should have been submitted to the jury. There being some evidence tending to support the verdict, it will not be set aside on a direct bill of exceptions assigning error on the direction, on the grounds stated.

8. It was not error to refuse to submit to the jury the question whether the plaintiff was asked the questions contained in the application for insurance which it is contended by the insurance company were answered falsely, for the reason that the plaintiff did not testify that the answers had not been filled out at the time he signed the application. It will be presumed, prima facie, that the answers were filled in before the applicant signed; and if he was not induced to sign by fraud, and did not sign by accident or mistake or under duress, he would be bound by the answers. This is the assignment of error referred to in the dissenting opinion of Presiding Judge Stephens, and is fully passed on.

9. The assignment of error on the refusal of the court to submit to the jury the question of estoppel, an issue claimed to have been established by a ruling of this court in a former decision in 56 *Ga. App.* 728 (194 S. E. 33), is without merit. The assignment of error does not show that the estoppel would apply as to all the physical disabilities of the plaintiff which the insurance company contends were present when the application was signed of which it contends the applicant knew at the time.

10. The contention that a new trial should be granted because the evidence demanded a finding that the company was estopped to avoid the policy on the ground of fraud, by reason of the fact that it collected and retained the premiums on the policy from its date until some months after insured became sick and after he claimed benefits, is without merit, for the reason that the evidence did not demand a finding that the insurance company accepted the premiums with the knowledge that the policy was procured by fraud.

11. Since all the questions raised do not require reference to the brief of evidence, the motion to dismiss the writ of error on the ground that the evidence is improperly briefed is denied. The court did not err in directing the verdict for the defendant.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. I am of the opinion that the court erred in directing the verdict for the defendant. I therefore dissent from the judgment of affirmance. The application provides that the applicant agrees "that the falsity of any statement in this application shall bar the right to recover if such false statement is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the association." On page 10 of the bill of exceptions appears the following: "Plaintiff contends that the evidence, and especially that part of the evidence testified to by the witnesses Walter Rhodes and Climus Davis, shows that the insured was never asked by the agent the detailed questions set out in the application for insurance; that the purported answers contained in the application were not in fact made by the applicant for insurance; and that for said reason he could not in law be charged with making false and fraudulent answers thereto. Plaintiff says that the evidence of the witnesses Walter Rhodes and Climus Davis shows without dispute that the applicant for insurance did not read the questions contained in the application; that he did not know whether the answers were in the application when he signed same; that he never read over the application nor the policy; that the only statement the agent of the insurer made to him at the time of signing the application was for the applicant to pay him the twelve-dollar premium, and sign the application on the dotted line. Plaintiff says this evidence was undisputed by the defense, wholly undenied, uncontradicted; and that for said reason the court erred in directing a verdict, said evidence making an issue of fact for the jury." I am of the opinion that, construing this assignment of error in the light of the Code, § 6-1307, which provides that "The Supreme Court, or the Court of Appeals shall not dismiss any case for any want of technical conformity to the statutes or rules regulating the practice on carrying cases to said courts, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the

212

case which the parties seek to have decided therein," this assignment of error in the bill of exceptions presents for this court's determination the question whether the court erred in directing the verdict for the defendant, on the ground that the evidence referred to therein was such that it was an issue of fact for the jury as to whether the alleged answers of the applicant referred to therein were false and fraudulent. A reference to the brief of the evidence will show that the witnesses referred to testified substantially as stated.