28032. McINTYRE *v.* J. M. HARRISON & COMPANY.

DECIDED MARCH 15, 1940.

*Wellborn R. Ellis,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

MACINTYRE, J. This case involved the sole question whether the death of the claimant's husband arose out of and in the course of his employment. He was employed by the defendant company as salesman. His working hours were from 8:15 a. m. until 6 p. m., except on nights when he was required to be on floor duty until 9 o'clock. After 6 o'clock, except on nights when he was on floor duty, he could go where he pleased and do what he pleased; and if he chose to try to sell automobiles after 6 o'clock, the company was not concerned with the details of his activity, but was concerned only with the results which might be obtained on such occasions. Every salesman was furnished a car, and every man had "the privilege of calling on any of the customers he might see fit to contact." He worked on commission, but had a drawing account of $23.08 per week. On the day in question he worked as usual between the hours of 8:15 a. m. and 6 p. m. He was not scheduled to be on floor duty that night, but for reasons known

only to himself he remained around the place of business of his employer for two or three hours. About 8 o'clock p. m., he walked across the street from the defendant's place of business to a restaurant where he drank two or three bottles of beer; then he returned to the place of business of his employer. Shortly after 8 o'clock he left the defendant's place of business, and between 8 :15 and 9 o'clock p. m. he was at a "dine-and-dance place" with W. L. Moore, two ladies, and another man, drinking beer and eating barbecue. The claimant contends that he was trying to sell a car to Moore. They remained there approximately an hour, and the deceased was either on his way home or to see another prospective purchaser when the car which he was driving, which belonged to the defendant and was used as a demonstrator, was struck by a train at a public crossing, consisting of five tracks, while traveling at a speed of 35 or 45 miles per hour. He died instantly. The board affirmed the award of the director in favor of the claimant. The judge of the superior court reversed the award of the board. In affirming the award of the director in favor of the claimant the board was obviously following the decision of this court in *U. S. Fidelity & Guaranty Co.* v. *Skinner,* 59 *Ga. App.* 82 (200 S. E. 493), for the gist of the award of the board was that the deceased's job was similar to that of a traveling salesman, and that while away from the place of business a traveling salesman is in the "continuous employment" of the employer. The judgment in that case was reversed by the Supreme Court. *U. S. Fidelity & Guaranty Co.* v. *Skinner,* 188 *Ga.* 823 (5 S. E. 2d, 9).

This court has held, in *Simril* v. *Davis,* 42 *Ga. App.* 277 (155 S. E. 790), that "Where the owner of an automobile delivers it to A for the purpose of being sold by A to any purchaser whom A may procure, and the entire control of the car is surrendered to A, A is not the servant of the owner, but an independent contractor." In *Whitehall Chevrolet Co.* v. *Anderson,* 53 *Ga. App.* 406 (2) (186 S. E. 135), it was said: "An automobile salesman employed on a commission basis, who operates his own automobile to aid him in carrying on his employment, and whose movements are not controlled by his employer, is, with respect to the operation of his automobile, an independent contractor." The question whether an automobile salesman, in demonstrating a car, is a servant or an independent contractor is dependent on the employer's right of

direction and control of the operations of the employee. "An automobile salesman working on commission and not subject to the owner's control as to details of the sale of a car will ordinarily be deemed an independent contractor in determining the owner's liability for his negligent driving; and the rule is not affected by the fact that the owner knows that the salesman intends to operate the car for purposes of demonstration." 5 Blashfield's Cyc. Automobile Law, 107, § 2968. See 107 A. L. R. 423; 112 A. L. R. 927. In the absence of a statutory provision to the contrary, an injured person who is not an employee but an independent contractor is not within the scope of a compensation act; and when it appears that the parties have contracted for the performance of work under circumstances which the courts have determined constitute the worker an independent contractor, an industrial commission has no further powers and must dismiss the claim. 71 C. J. 455, 446. In the instant case, at the time the deceased was killed he was not working during his regular working hours, and the employer had no right to control the time, manner, and method of executing the work of selling automobiles (*Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262, 175 S. E. 265) ; and we think the evidence demanded a finding that he was an independent contractor at the time of his death. Under the facts of the case, if the deceased had possession of the automobile for the purpose of selling or demonstrating it to Moore or to any one else, under the rulings announced above he was an independent contractor, it being after his regular working hours in the matter of time, and his wife can not recover compensation; or if he had possession of the car merely for the purpose of going to and from work, under the decision in *American Mutual Liability Insurance Co.* v. *Curry,* 187 *Ga.* 342 (200 S. E. 150), the death was not compensable. See also 1 Honnold's Workmen's Compensation Law, 375, § 110.

Under what has been said, we are of the opinion that the evidence demanded a finding that the claimant's husband was an independent contractor at the time of his death. The judge of the superior court did not err in reversing the judgment of the board affirming the award of the director.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*