### TULLY
### v.
### TRAVELERS INS. CO.
### Civ. A. No. 415–T.

United States District Court,
N. D. Florida.    Tallahassee Division.
Feb. 3, 1954.

---

Gwynn & Shelley, Tallahassee, Fla., for plaintiff.

Meginniss, Thompson & Morrison, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This is a suit brought by plaintiff against defendant to recover the difference in the amount of a judgment recovered against plaintiff by a third party and the amount of a liability insurance policy issued by defendant to plaintiff.

The suit is predicated on the allegation of negligence and bad faith on the part of defendant in refusing to settle an action, within the coverage of the policy, brought against plaintiff by one Wiley Richard Lee for injuries received by him by reason of the negligent act of plaintiff's employee in the operation of an automobile owned by plaintiff. The facts in the case are not in dispute and the case is before the court on a motion for summary judgment filed by each party.

The complaint alleges and the evidence shows that on or about September 25, 1951 a Ford truck owned by plaintiff and operated by one of his employees, was in an automobile accident with a truck owned by Kent M. Saunders, doing business as Tom's Toasted Peanuts, and operated by Lee, an employee of Saunders. Lee was severely injured in the accident and brought suit against plaintiff, which, upon trial before a jury, resulted in a verdict in Lee's favor and against plaintiff in the sum of $15,000. The insurance policy issued by defendant to plaintiff carried a maximum liability of $10,-000, with the usual provision in such policies that the insurance company reserved the right to take complete charge of the litigation and to conduct the case in such manner as it saw fit to do. The evidence further shows that an offer was made by Lee, through his counsel, to settle the case for $9,000, prior to trial, which offer was refused by the insurance company.

There remains no doubt of the law applicable to cases of this character that by the great weight of authority an insurer must act in good faith towards its insured in the defense and settlement of claims which, under its policy, it has the exclusive right to defend and settle, and is liable in damages to the assured for failure to do so. Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852; American Mut. Liability Ins. Co. v. Cooper, 5 Cir., 61 F.2d 446; Home Indemnity Co. v. Williamson, 5 Cir., 183 F. 2d 572 and Hall v. Preferred Acc. Ins. Co. of New York, 5 Cir., 204 F.2d 844.

The question before the court is whether the undisputed evidence in this case supports plaintiff's claim of negligence and bad faith in failing and refusing to settle the action within the limits of the policy when it had an opportunity to do so.

The evidence discloses that defendant not only carried insurance for plaintiff's protection, but it also carried insurance

for the protection of Kent M. Saunders, the owner of the truck being operated by Lee. Immediately upon the institution of the suit by Lee against plaintiff, counsel employed by defendant was notified that defendant had outstanding policies covering the owner of each truck involved in the accident. In acknowledging receipt of the summons served upon defendant, under date of October 11, 1951, counsel for defendant commented upon this fact, as follows:

"Our information is to the effect that plaintiff Wiley Richard Lee is the driver of Tom's Toasted Peanuts also of Tallahassee and that you also have the insurance for that firm. In other words, it looks as if you are stuck either way unless we can work out some satisfactory adjustment." (Plaintiff's Exhibit C.)

This letter was written before anything other than a cursory examination of the facts in the case had been made. On December 11, 1951, after a more thorough examination had been made defendant's claims manager in Florida sent to its local agent in Tallahassee a memorandum containing the following:

"The circumstances are such that we cannot discuss settlement with either firm of attorneys before trial. To do so would place us in the position of showing partiality to one assured against that of another. Naturally we do not expect both to collect and under the terms and provisions of our policy both are entitled to a defense." (Plaintiff's Exhibit D.)

Shortly prior to January 18, 1952 Lee offered to accept $9,000 prior to trial of the case then scheduled for trial on January 21st, in full settlement of all claims of Lee against plaintiff and under date of January 18, 1952 D. L. Stewart, supervising adjuster for defendant, wrote counsel for defendant as follows:

"This has reference to our telephone conversation of January 17th. In as much as we insured both parties in this action we are unable to entertain settlement offers on either side and it appears that it will be necessary for a jury to determine the merits of the various parties." (Plaintiff's Exhibit G.)

Following receipt of this letter counsel for defendant refused to accept the offer of settlement and the case went to trial on January 21st as scheduled. Lee recovered a verdict and judgment against plaintiff for $15,000.

The evidence shows that counsel for defendant was very diligent in taking discovery depositions of all material witnesses in the case and it appears from plaintiff's Exhibit F, which is an inter-office memorandum for defendant's file in this case, that when counsel for defendant submitted the compromise offer they advised they did not feel such an offer should be entertained.

Was this recommendation of counsel for defendant sufficient to overcome the attitude of defendant, displayed from the beginning, that it would not settle the suit against Tully for the reason it also carried insurance on the Saunders truck? The court is of the opinion this recommendation of counsel, if in fact made, had nothing whatever to do with the refusal of defendant to settle the case. Counsel for defendant were, at that time, fully aware of the attitude of defendant towards a settlement and with full knowledge of said attitude counsel were within their rights in not contributing to a record that would be prejudicial to their client should Tully seek to recover, as he has done in this case. This is strongly supported by a memorandum from Parkinson, Tallahassee agent to Queen, State Manager for defendant, very shortly after the case was tried; which reads as follows:

"The $10,000.00 is to be paid into the Circuit Court Registry. When paid we will file petition for declaratory decree as to our liability and responsibility for the excess of $5,000.00. This should forestall a suit by Tully on the basis of bad faith, etc. on our part. He is figuring on paying his share then suing us for it. By acting first we will keep the

matter away from another Leon County jury." (Plaintiff's Exhibit H.)

Very shortly after the entry of the judgment by the court, upon the verdict of the jury, defendant paid into the registry of the court the full amount of its policy, thereby indicating no thought of an appeal, in this case.

The court finds and holds in this case that the evidence supports plaintiff's claim that defendant was negligent to the extent of bad faith in failing and refusing to settle the Lee case against Tully merely because defendant, at the same time, had an outstanding policy in favor of Saunders, Lee's employer. The record supports plaintiff's claim that this fact caused defendant to refuse to properly weigh and consider the wisdom of settling the case within the limits of the policy prior to trial.

After judgment was entered against Tully and defendant had paid into court the $10,000 maximum policy limit, Tully was able to settle with Lee by the payment of $4,000 additional. The suit here is to recover this amount and a judgment will be entered in favor of Tully for $4,000 paid by him to Lee, plus the costs of this suit to be taxed against defendant.