**FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**A. L. ROBB, Appellee.**

**No. 17579.**

United States Court of Appeals Fifth Circuit.

June 9, 1959.

Petition for Rehearing and for Additional Oral Argument Denied July 29, 1959.

474

Howard Barker, J. A. Gooch, Fort Worth, Tex., Eugene Sherrod, Jr., Wichita Falls, Tex., for appellant.

Bob L. Wilson, Kearby Peery, Peery & Wilson, Wichita Falls, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against the insurer in a liability policy, the suit was for the recovery of sums over and above the amounts of the insurance which had been adjudged against, and paid by, the insured in a suit for damages for negligence in furnishing for the use of plaintiff's decedent a defective horse which fell with him and caused his death.

The claim in general was that the insurer could and should have settled the suit within the policy limits and that it was negligent in not doing so. In particular it was that a specific offer to settle within the policy limits had been made by plaintiff in the damage suit before the case came on for trial and that this offer had been negligently refused. In addition, the claim was that the offer, though rejected by the insurer, had not been definitely and finally withdrawn but had remained open and if the insurer had been diligent it could have settled the case and, therefore, it was negligence on its part not to accept it if open, or, if it had been withdrawn, not to successfully initiate and carry out settlement negotiations.

The defendant, admitting that the offer had been made to, and rejected by it, and, denying that its action in refusing it was in anywise negligent, denied also that the offer was a continuing one and had been kept open, and further denied that defendant had in any manner in law or in fact been guilty of negligence toward plaintiff in not initiating and bringing about a settlement.

The case was thereafter fully tried to the jury and, the evidence concluded and defendant's motion for instructed verdict denied, the case was sent to the jury on a general charge, submitting it on two theories, the first having to do with the claim of negligence in rejecting the settlement offer made before the trial, the second with the claim of negligence in not later accepting the offer if, as claimed by plaintiff, it in fact had remained open, or, if it had not, in not itself initiating and bringing about a settlement.

The jury returned as its verdict:

"(1) We, the jury, find for the defendant on the first theory; and (2) we, the jury, find for the plaintiff on the second theory."

Judgment was entered thereon for the plaintiff for $47,290, and defendant has appealed, assigning as its principal ground of error that it was error in law and in fact to submit to the jury the so-called second theory, and that judg-

ment should, therefore, have been entered for defendant on the verdict on the first theory in its favor.

As subordinate grounds of error, appellant urges objections made to the court's main charge and its additional instructions, and also errors assigned to the refusal of defendant's special requests.

As appellant summarizes them in his brief, the fourteen specifications of error relied upon may be grouped under the following general classifications: the submission by the trial court of the second theory and the jury's finding thereon are without legal basis; there is no evidence to support the submission or the jury's finding on the second theory; the trial court erred in refusing to incorporate in his charge certain instructions requested by appellant.

Taking these up in the above order, we find the appellant urging strongly upon us that the negligence theory of liability obtaining in Texas, whose law controls this case, makes it a condition of negligence in failing to settle that there be in existence a firm and binding offer to accept a settlement. It insists, in short, that, since the jury found in its favor that it was not negligent in rejecting the offer made before trial, the only firm offer shown in the evidence, and that offer contained the provision that it would not be binding after the trial had begun, there was no basis in law for the submission to the jury of the second theory that the jury could find the defendant negligent if it found that the defendant could have initiated or ob-

tained a settlement even though no binding offer was outstanding.

In addition to this, its main position, the defendant, insisting that no case has been cited and none can be found supporting the theory that an insurer can be found guilty of negligence in any case except where a firm and binding offer has been made and refused, argues that, if plaintiff's theory should become established law, an insurer could not, without incurring the great peril of being subjected to a liability far beyond that which it contracted for, properly and adequately protect its own interest under the terms of the policy, because it would be confronted with the necessity of completely sacrificing it in the face of its supposed duty to protect the plaintiff from liability, not, as it had agreed to do, within its policy limits but absolutely and without limits.

In the alternative, it insists that, in failing to charge[1] as requested by it, that in determining whether the defendant was negligent, the matter should be looked at from the standpoint of both insurer and insured, and in effect charging the exact contrary, that the defendant must act with the interests of the insured alone in mind, the court committed the error of assuming that because the insurer had in its policy provided that it would have the sole right of settlement, it must in each case, at the peril of being otherwise held to a contingent liability it had not assumed, give exclusive consideration to the plaintiff's interest in having no judgment against it, with the result in every case, under

---

[1]. "You are instructed that by the term 'due care', as used in this charge, is meant the exercise of such degree of care as a person would use in the management of his own business and affairs, taking into consideration the interest of the insurance company as well as that of the insured, under all the facts and circumstances known or reasonably available to the insurance company, its agents or attorneys, at the time the offer of settlement was made by Mr. Mock at the opening of the trial in the State Court action."

"You are instructed that by the term 'due care' as used in this charge, is meant the exercise of such degree of care as a person would use in the management of his own business and affairs, taking into consideration the interest of the insurance company as well as that of the insured, under all the facts and circumstances known or reasonably available to the insurance company, its agents or attorneys, up to the time that Dr. Roberts testified."

the threat of being subjected to full liability if it does not incontinently settle it, of being deprived of the right to the exercise of a wise and informed judgment.

Plaintiff, on its part, denying that in Texas no case has decided the issue presented in the so-called second theory in its favor and, affirming that the Stowers case [2] has done just that, argues: that in principle under the decision in that case the insurer can be held for negligence, where there is a firm offer of settlement, and where, though no offer was made, he did not exercise reasonable care in seeking a settlement; that the verdict and judgment were, therefore, right; and that they may not be reversed.

■■ Because of the nature of the liability for which the Stowers case stands and the difficulty which on its face it presents, of having one man serve two masters, himself and another, we think it not inappropriate to say that, while in states where the standard of good faith is applied the existence of the dilemma serves to point up both the problem and its solution, in a jurisdiction such as Texas, where negligence vel non is the controlling question, the problem presented to the jury is a most difficult one and, in submitting it for the jury's decision, every factor entering into its determination should be clearly and fairly presented. In jurisdictions where the determining consideration is the exercise of good faith, the question is answered by determining whether the insured acted with its own interest too much in mind, with the result of subordinating and sacrificing the insured's interest to its own. In a negligence jurisdiction, however, unless the jury is advised that in considering a settlement, the interest of both the insured and the insurer are to be taken into consideration under the overall controlling principle that, while the insurer may consider its own interest, to obtain a disposition of the case for less than the policy limits, along with the interest of the insured, to obtain a settlement which prevents any recovery in excess of the insurance, the insurer must keep always in mind that the courts have declared that it has by its policy terms made itself the agent of the insured in respect of settlements.

Upon a consideration of the authorities as a whole in this field, we think it clear that, while, where the question of good faith is the determining one, the submission of that issue necessarily involves a consideration of the conflicting interests of both insurer and insured, where, as here, negligence vel non is the controlling issue, it is of the greatest importance to a fair trial that the court charge in effect that, while the insurer by taking charge of the settlement obligates himself as the insured's agent to take his interests into consideration, it considers them not exclusively but under settled principles of law in connection with its own, and that the failure to so charge is reversible error. For the reasons hereafter stated, therefore, while we are of the view that the district judge did not err in instructing the jury that they could consider whether the insurer was negligent either or both in rejecting the firm offer and in not thereafter undertaking to make a settlement, that is in submitting both theories for their verdict, we are in no doubt that he was in error in refusing to give defendant's requests, note 1, supra, or some similar instruction, thus completely excluding from the jury's consideration the interest of the insurer, and that, for that error, the judgment must be reversed and the cause remanded for a new trial.

In American Mutual Liability Insurance Co. of Boston, Mass. v. Cooper, 5 Cir., 61 F.2d 446, 447, an Alabama case where the good faith rule applies, this court, with Judge Bryan as its organ, in its first contact with the general problem of insurer accountability to the insured, for failing to settle a suit whereunder the terms of its policy it had as-

2. G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544.

sumed exclusive control thereof, thus correctly and adequately dealt with the whole problem:

"It is well settled in cases of limited liability insurance that the insurer may so conduct itself as to be liable for the entire judgment recovered against the insured, although that judgment exceeds the amount of liability named in the policy. But the courts that have considered the question are not in agreement as to the nature and kind of proof which it is incumbent upon the insured to make in an action against the insurer for the excess which the insured has been compelled to pay over the amount named in the policy. Some of these cases hold that the insured is entitled to recover upon proof that the insurer in refusing to settle a claim for damages covered by the policy was guilty of negligence. Cavanaugh Bros. v. General Acc. Fire & Life Assurance Corp., 79 N.H. 186, 106 A. 604; Douglas v. U. S. F. & G. Co., 81 N. H. 371, 127 A. 708, 37 A.L.R. 1477; G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com. App., 15 S.W.2d 544; Attleboro Mfg. Co. v. Frankfort Marine Accident & Plate Glass Insurance Co., 1 Cir., 240 F. 573. Other decisions impose a heavier burden upon the insured, and deny recovery unless he can show that the insurer in refusing to make settlement acted in bad faith. [citing cases] There are cases of the latter class which exonerate the insurer if, considering its own interest only and ignoring entirely the interest of the insured, it acts in good faith; but the prevailing rule seems to be that the insurer must act in good faith toward the insured. [Citing cases.]

"We are not concerned here with the question whether appellee could have recovered on the ground of mere negligence, since recovery is now sought only on the ground that appellant did not act in good faith toward him. In our opinion the insurer cannot escape liability by acting upon what it considers to be for its own interest alone, but it must also appear that it acted in good faith and dealt fairly with the insured. The insurer, as it had a right to do under the policy, assumed exclusive control of the claim against the insured, and took unto itself the power to determine for the insured all questions of liability, settlement, of defense and management before and during the trial, and of appeal after final judgment. We are of opinion that this relationship imposes upon the insurer the duty, not under the terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured." [3]

Since the case under consideration here is a Texas case and the law of Texas, where the negligence rule prevails, controls our decision, it is necessary and will be sufficient for our purpose to correctly determine and state the holding of the Stowers case cited above for it was considered and determined as a case of first impression and great importance and it has not been in anywise modified or departed from in the thirty years since, in 1929, it came down. Stating:

"This case involves issues which are questions of first impression in this court, and are so important to the jurisprudence of this state that we deem it advisable to make a very full and complete statement of the issues involved." [15 S.W.2d 544.]

---

3. Other cases from this circuit, where the good faith rule was applied are Home Indemnity Co. v. Williamson, 5 Cir., 183 F.2d 572; Hall v. Preferred Acc. Ins. Co. of N. Y., 5 Cir., 204 F.2d 844, 40 A.L.R. 2d 162; American Fidelity & Casualty Co. v. Greyhound, Corp., 5 Cir., 232 F. 2d 89 and 5 Cir., 258 F.2d 709; Springer v. Citizens, 5 Cir., 246 F.2d 123; U. S. Fidelity & Guaranty Co. v. Canale, 8 Cir., 257 F.2d 138.

the court went on to set these out fully. Stating that the Court of Civil Appeals in that case, 295 S.W. 257, had held that no cause of action was stated or proven, it went on to say:

"We * * * are of the opinion that the Court of Civil Appeals was in error in the above holding, and that the better and sounder authorities, and those more in harmony with the spirit of our laws, support a contrary ruling". [15 S.W.2d 547.] [Citing cases.]

Since it is this *"contrary"* ruling, as carefully stated by it in the opinion and under which we must decide this appeal, we think it of first importance to here set out that ruling fully and explicitly. In part the opinion thus stated it:

" * * * the company reserved the right to settle any such claim or suit brought against the assured. Certainly, where an insurance company makes such a contract; it, by the very terms of the contract, assumes the responsibility to act as the exclusive and absolute agent of the assured in all matters pertaining to the questions in litigation, and, *as such agent, it ought to be held to that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business; and if an ordinary prudent person, in the exercise of ordinary care, as viewed from the standpoint of the assured, would have settled the case, and failed or refused to do so, then the agent, which in this case is the indemnity company, should respond in damages."* 15 S.W.2d at page 547. (Emphasis supplied.)

and it was this ruling on which in part the district judge based his charge. This, however, as the opinion further on makes plain, was not intended to be a complete statement of the ruling. To be added to it is the part upon which appellant relied in requesting its special charges, and the part of the opinion stated above must be read in the light of its further statements:

"It is true that the policy is for $5000, so far as this accident is concerned, but when the *liability* arose against plaintiff the indemnity company was in duty bound to exercise ordinary care to protect the interest of the insured up to the amount of the policy, for the reason that it had contracted to act as his agent, and assumed full and absolute control over the litigation arising out of the accident covered by the policy [which is not the case here]. The provisions of the policy giving the indemnity company absolute and complete control of the litigation, as a matter of law, carried with it a corresponding duty and obligation, on the part of the indemnity company, to exercise that degree of care that a person of ordinary care and prudence would exercise under the same or similar circumstances, and a failure to exercise such care and prudence would be negligence on the part of the indemnity company."

Going on then to say that it would be a harsh rule to say that the indemnity company owed no duty whatever to the insured, and, citing in support Douglas v. U. S. F. & G. Co., 81 N.H. 371, 127 A. 708, 37 A.L.R. 1477, the court at pages 547 and 548 of 15 S.W.2d stating, *"In the Douglas case, supra, the Supreme Court of New Hampshire lays down the law, which we think applies to the issues of the case at bar as follows:"* (emphasis supplied) then went on to quote fully from that case and thus to give to all that was quoted therefrom the weight and authority of law. The part of this quotation which seems to us to have particular application here is the part where, after stating on page 547 that the agency of the insurer cannot be denied because there is a conflict of interest, the court goes on to say:

" * * * The result of such a compact is not to leave the promissor free to act as though he had made no promise. On the contrary, his conduct will be subject to closer scrutiny than that of the ordinary

agent, because of his adverse interest. The fact that here the insurer stood to lose but a part of the claim, and that the balance of the changes of loss growing out of mismanagement of the defense were upon the insured, is an added reason for holding the defendant to the use of reasonable care in the exercise of its exclusive control over the negotiations. *Where one acts as agent under such circumstances, he is bound to give the rights of his principal at least as great consideration as he does his own."* (Emphasis supplied.)

It was upon the authority of these quoted views that the Texas Court in the Stowers case concluded:

*" * * * we are constrained to believe that the correct rule under the provisions of this policy is that the indemnity company is held to that degree of care and diligence which a man of ordinary care and prudence would exercise in the management of his own business."* (Emphasis supplied.)

It is quite clear from a reading of the charge in the case at bar that as the case was sent to the jury all consideration of the interest of the insurer was completely rejected and the matter was submitted as though the only matter for consideration was the interest of the insured. If the court had given the charges requested or some similar charge, which was clearly demanded,[4] the defect in the charge, for which the case must be reversed, would have been remedied, and if, under a correct charge the verdict had gone for the plaintiff, the judgment would have been affirmed. Be-

cause, however, of the defect in and omission from the charge, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

4. For an interesting and highly informative discussion of the problem here posed, the reconcilement within the controlling rules of the interests of insurer and insured, Robert Keeton's thorough and scholarly article, "Liability Insurance and Responsibility for Settlement", 67 Harvard Law Review, may be profitably consulted, particularly at pages 1142–48, inclusive, where this very problem is discussed with understanding and appreciation of its difficulties and importance.

See also 29 Am.Jur., Sec. 1079, 1958 cumulative supplement, page 158, where the question is discussed and this conclusion is stated, that much the same factors have been relied upon in those cases finding a breach of good faith as in those finding negligence.