JOHN E. KNUDSEN, JR. *v.* HARTFORD ACCIDENT
AND INDEMNITY COMPANY

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 63091
AT NEW HAVEN

Memorandum filed September 19, 1966

*Charles G. Albom,* of New Haven, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendant.

GRILLO, J. The question posed by the defendant's demurrer to the plaintiff's complaint, succinctly stated, is: Can an assured maintain a cause of action against his insurance carrier based on allegations specifying negligence on the part of the carrier in failing, although it had an opportunity so to do, to settle a claim, in a prior action against the assured within its policy limits?

The plaintiff in the instant action seeks to recover damages against his insurer, alleging that in bad faith and negligently the defendant, his insurer in a previously litigated case against the plaintiff, failed to settle that litigation, that the verdict exceeded the policy limits, and that as a result the plaintiff was obliged to contribute toward payment of the sum awarded by the jury. The defendant

insists that the test of good faith in its conduct with relation to settlement negotiations is the only standard by which its liability must be judged.

The legal problem presented has been considered but never directly decided by the Supreme Court of this state. It has recognized that varying standards applied by the courts have included good faith, honest judgment, and that care and diligence which a person of ordinary prudence would exercise in the management of his own business. *Hoyt* v. *Factory Mutual Liability Ins. Co.*, 120 Conn. 156, 159. "Intelligent action" by the insurer has also been required in settlement activity. *Bartlett* v. *Travelers Ins. Co.*, 117 Conn. 147, 157.

Although courts are in general agreement that there may be liability on the part of the insurer for the excess of the judgment above the policy limits, there is a division among them as to whether the liability is based on the rule of bad faith or that of negligence. 7A Appleman, Insurance Law and Procedure § 4712; notes, 131 A.L.R. 1499, 1500, 40 A.L.R.2d 162. In recent years, the two tests of "good faith" and "negligence" have tended to coalesce, and some courts, even rejecting the negligence test, conclude that negligence is a relevant consideration with reference to the question of the requisite good faith. *Traders & General Ins. Co.* v. *Rudco Oil & Gas Co.*, 129 F.2d 621; *New Orleans & C.R. Co.* v. *Maryland Casualty Co.*, 114 La. 153; note, 40 A.L.R.2d 162, 183. It has been stated that no single satisfactory test has been formulated as to just what degree of consideration must be accorded the assured's interest under the good faith requirement. 29A Am. Jur. 557, Insurance, § 1444. The problem has been explored and suggestions have been made. Keeton, "Liability Insurance and Responsibility for Settlement," 67 Harv. L. Rev. 1136, 1147.

A basis for the rejection of the negligence standard has been encapsulated in the phrase, "The gift of prophecy has never been bestowed on ordinary mortals . . . ." *Georgia Casualty Co.* v. *Mann,* 242 Ky. 447, 451. To put it differently, insurers cannot be required to prophesy. In the present action, however, the plaintiff does not seek damages on the thin ground that the defendant's prognosis was poor—that its predictions went awry. The mere fact that the case could have been, but was not, settled within policy limits would not impose liability on the defendant. Keeton, supra, 1145. Bull's-eye predictions are not the standard as to results any more than they would be in malpractice litigation. See *Britton* v. *Hartshorn,* 113 Conn. 484, 488, 490. No one would dare defend. No one would dare operate. The plaintiff's complaint of thirty-three paragraphs, however, encompasses many more allegations relative to lack of due care and prudence.

In effect the defendant, in maintaining that although it is subject to a suit based on bad faith it is immune to an action grounded on its alleged negligence, seeks to assume a status that is historically and constitutionally enjoyed by few: those whose immunity relates to subjects involving the public welfare and considerations of public policy. *New York Times Co.* v. *Sullivan,* 376 U.S. 254, 288; cf. *Charles Parker Co.* v. *Silver City Crystal Co.,* 142 Conn. 605, 617, 618; see Prosser, Torts (3d Ed.), p. 996 (Immunities). The activities alleged in the complaint do not fall within that category.

Conduct which threatens the interests of others or which is extrahazardous with respect to such interests should not be insulated from liability when the circumstances do not disclose a situation in which it is socially desirable that the invasion be

made. 1 Harper & James, Torts, p. xl-xli. The butcher, the baker and the candlestick maker are all required to answer in a court of law to an aggrieved litigant for their tortious conduct in the marketplace. No compelling reasons have been advanced as to why the defendant's duty should be less. The standard of due care would seem to require that the insurer cannot be too venturesome and speculate with the trial of the issue in an accident case at the risk of the assured. *Dumas* v. *Hartford Accident & Indemnity Co.,* 94 N.H. 484, 488-89. The Supreme Court of Alabama, in a suit against an insurer, put it thusly: "We know of no other situation where a negligent act proximately resulting in damages to another requires that there must have been bad faith also in order to give rise to a cause of action. They constitute different concepts. . . . [E]ither may exist without the other." *Waters* v. *American Casualty Co.,* 261 Ala. 252, 258.

The plaintiff's allegations permit a construction of both bad faith and negligence. It may be that the evidence unfolded at the trial will not be deemed by the trial court to sustain a claim of negligence but will relate only to the issue of bad faith. On the other hand, the factual situation developed may eliminate any theory of bad faith and indicate negligence. The trial court then can take appropriate action, but the plaintiff should not be deprived of his claimed cause of action before the facts are established. *Carabetta* v. *Meriden,* 145 Conn. 338, 341, 342; *State* v. *Sul,* 146 Conn. 78, 83.

To quote from a memorandum of a distinguished retired associate justice of the Supreme Court of Connecticut with relation to the very problem herein explored: "From all the pertinent literature enjoyed by the court, it is concluded that the trend of judicial and text opinion favors the more just and

modern theory of holding an insurer accountable for want of due care in handling a case against its assured."[1]

The demurrer is overruled.

---

[1] *Bordon, J.,* in *Capitol Fuel Co.* v. *New York Casualty Co.,* 16 Conn. Sup. 155, 158.