EMPLOYERS NAT'L. INSURANCE CORP., the State Fair of Texas, Steck & Stapf Attractions, Inc., Sandra Millard, Individually and As Administratrix of the Estates of Fred Millard, and As Next Friend of Roxanne Dawn Millard, Renee Diane Millard and Robin Denise Millard, Plaintiffs-Appellees,

v.

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, Defendant-Appellant.

No. 85–1416.

United States Court of Appeals, Fifth Circuit.

June 23, 1986.

Rehearings Denied July 29, 1986.

R. Brent Cooper, Royal H. Brin, Jr., Judith H. Winston, Michael W. Huddleston, P. Michael Jung, Dallas, Tex., for defendant-appellant.

Sidney H. Davis, Tom J. Stollenwerck, Dallas, Tex., for Employers, et al.

Russell B. Smith, Dallas, Tex., for State Fair of Texas.

Alfred W. Ellis, Dallas, Tex., for Steck & Stapf Attractions, Inc.

Darrell Panethiere, Windle Turley, Dallas, Tex., for Sandra Millard, et al.

Before REAVLEY, RANDALL and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

The dispositive question here is this: under Texas law, if a liability insurer breaches its duty to defend the insured, and if the insured is thereafter held to be liable to a third party for an amount in excess of the policy limits, shall the insurer be held liable for the full amount of the judgment? The district court has rendered summary judgment against the insurer for the excess amount on a record that shows only that the insurer violated its contractual duty by refusing to defend the insured, and reflects the subsequent judgments acknowledged to have been rendered against the insured. No proof is made of bad faith or opportunity to settle within policy limits. We reverse this judgment.

## I.

The litigation arises out of the October 21, 1979 sky ride accident at the State Fair of Texas. Claims were filed against the State Fair and against Steck & Stapf Attractions, Inc. (Steck & Stapf), operator of the sky ride. Zurich American Insurance Company of Illinois (Zurich) had issued liability policies to both the State Fair and Steck & Stapf. Employers National Insurance Corporation carried excess coverage.

A dispute arose over the amount of Zurich's primary coverage, whether the total was $2,000,000 or $3,000,000. Zurich conceded $1,000,000 liability under one policy issued to both State Fair and Steck & Stapf, and an additional $1,000,000 under a second policy issued to Steck & Stapf. The latter was bound by contract to indemnify State Fair against any loss, and Zurich's second policy protected Steck & Stapf against contractual liability as well as against general comprehensive liability. The argument was whether by the second policy Zurich insured Steck & Stapf to the extent of $1,000,000 or whether there were two separate coverages of $1,000,000 each.

When Zurich had paid $2,000,000 in total claims, it insisted that its responsibility had

been fully discharged. And since its policy issued to Steck & Stapf required no further defense of claims after the limits of liability had been met, Zurich withdrew and refused to defend against other claims or suits.

That coverage dispute was the relief originally sought by Steck & Stapf, et al., in this suit. The trial court granted an earlier partial summary judgment declaring that Zurich's duty to defend had not expired and that it owed Steck & Stapf an additional $1,000,000 coverage. An interlocutory appeal was allowed, and that declaratory judgment was affirmed by this court in an unpublished order dated January 30, 1984.

After the amount of coverage was resolved and matters proceeded in district court, Zurich deposited an additional $1,000,000 in the registry of the court, but by then the contest had changed and the stakes were to be raised. Seven additional judgments had been obtained in state court against Steck & Stapf between September 1982 and August 1983, totaling almost $6,800,000. One group holding the largest judgment (Millard) brought suit in federal court against Zurich for the amount unpaid on their judgment. This suit was consolidated with the present litigation wherein Steck & Stapf, et al., supplemented their complaint to sue for the full amount of every judgment which Zurich had failed to defend against, for interest on those judgments, and additionally for multiple damages under the Texas Deceptive Trade Practices Act and Insurance Code, alleging that Zurich had negligently, gross negligently, and in bad faith misrepresented its limits of liability, and had wrongfully refused to defend, negotiate or settle those lawsuits. Zurich conceded that it was liable for the costs of defense, including attor-

neys' fees, but denied the liability for the excess above its policy limits as well as liability on the other state claims.

Once more the trial court rendered a partial summary judgment, holding that Zurich's wrongful refusal to defend the pending suits constituted a breach of duty to Steck & Stapf for which Zurich was liable to the extent of the entire amount of the resulting judgment. On that ground Millard recovered $4,949,215 plus interest; Employers National Insurance Corporation, State Fair, and Steck & Stapf recovered $1,507,314.72 plus interest. The other claims are yet to be resolved. An interlocutory appeal has been allowed under 28 U.S.C. § 1292(b) (1982).

## II.

Under Texas law the liability insurer is required to exercise due care in the performance of its contractual duty to defend its insured against liability. *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).[1] This court on one occasion viewed the Texas rule to require that the insurer consider both the interests of itself as well as the insured. *Fidelity & Casualty Co. of New York v. Robb,* 267 F.2d 473 (5th Cir.1959). It is, perhaps, better to disregard the conflicting interests of insured and insurer and measure the decision by what would have been done by a reasonable person, informed of the circumstances of the case and the trial, and without regard to insurance.[2] *See Ranger County Mutual Insurance Co. v. Guin,* 704 S.W.2d 813, 816 n. 2 (Tex.App.—Texarkana 1985, no writ); *Texoma AG-Products, Inc. v. Hartford Accident & Indemnity Co.,* 755 F.2d 445, 447 (5th Cir.1985).

---

**1.** On the classification of the cause of action between tort and contract, *compare Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947) (negligent installation of goods sold held to be a tort) *with Jim Walter Homes v. Ray Reed,* 29 Tex.Sup.Ct.J. 369, 711 S.W.2d 617 (1986) (poor construction of house, because of alleged negligence in supervision, held to be contractual violation).

**2.** Another way to frame the standard is to "require the insurer to act like an ordinarily prudent insurer with no policy limit applicable to the claim." Holmes, *Third Party Insurance Excess Liability and its Avoidance,* 34 Ark.L.Rev. 525, 535 (1981).

The Texas cases imposing excess liability upon the insurer for breach of this duty have arisen out of the insurer's loss of the opportunity to settle the claim within policy limits. None of them have imposed liability solely because the insurer denied coverage and refused to take responsibility for defending the insured. The Texas courts might well subject the insurer to no more than the consequences of its breach of contract for failing to defend, and might hold that the duty of care to compromise the claim does not thereafter rest on the insurer. This court, however, in an *Erie* guess has decided that the duty to settle the claim persists even after coverage has been denied. *Blakely v. American Employers' Insurance Co.*, 424 F.2d 728 (5th Cir.1970). Our *Blakely* case is the precedent to which the district court looked and upon which appellees stand here.

In *Blakely* the issuer of an automobile casualty policy refused to defend a claim against the policyholder on the ground that the policy had been canceled prior to the accident. Liability had to be conceded by the insured, because he was driving on the wrong side of the road at the time of the collision. The claimant's injuries were substantial, but he offered to settle his case for the policy limits of $10,000. The insurer was fully informed of the details of the case and the offer of settlement. The insured suffered a judgment of $88,000, for which he sued the insurer in federal court. There the district judge held that the attempted cancellation of the policy had not been effective and that the coverage remained in force. The insurer then stipulated with the insured that the $10,000 offer had been a reasonable one, but contended that the refusal to defend was reasonable conduct on the insurer's part. Under those circumstances the judge decided that there was nothing more to be tried and awarded judgment for the insured. This court affirmed, holding that the insurer would have been liable under the facts of the case as a matter of law if it had declined the offer in the course of defending the suit, and that it should be in no better position by having wrongfully refused to perform its contractual obligation to defend.

■ While this panel is bound by the *Blakely* panel's view that under Texas law the duty to exercise reasonable care to settle claims survives the insurer's breach of its duty to defend, we find no justification for imposing strict liability on the insurer without any evidence that the claim could have been settled for less than the judgment if the insurer had conducted the defense.

■ There is some authority for holding an insurer liable for the excess judgment where it has acted in bad faith in denying coverage and refusing to defend, *e.g. Coleman v. Holecek*, 542 F.2d 532 (10th Cir. 1976); *see generally* Annot., 20 A.L.R. 4th 23 (1983). We do not believe, however, that Texas would impose this liability without a causal connection between the action of the insurer and the injury to the insured, *i.e.*, the judgment in excess of policy limits. This court has made similar holdings in other diversity cases. *Seward v. State Farm Mutual Automobile Insurance Co.*, 392 F.2d 723 (5th Cir.1968) (applying Florida law, we held that an added decisive factor in cases imposing damages where insurer failed to defend has been an offer to settle the original claim). *Fidelity & Casualty Co. of New York v. Gault*, 196 F.2d 329 (5th Cir.1952) (applying Mississippi law, judgment against insurer for the excess over policy limits reversed; refusal to defend was no more than breach of contract, subjecting the insurer to no greater liability than policy limits and costs of defense); *Beck v. Pennsylvania National Mutual Casualty Insurance Co.*, 429 F.2d 813 (5th Cir.1970) (applying Pennsylvania law, since insurer was not in bad faith in denying coverage, its liability did not extend beyond its policy limits and the expenses of the defense). The prevailing view is that without an offer or a showing that the claim could have been resolved for the policy limits, the excess judgment is not an injury caused to the insured by the insurer. *See Luke v. American Family*

*Mutual Insurance Co.,* 476 F.2d 1015, 1020 n. 7 (8th Cir.1972).

We find only one Texas case where the contention was made that the wrongful refusal to defend the insured was a sufficient ground to hold the insured liable for the subsequent judgment beyond policy limits. That contention was rejected, without discussion, as being "without merit." *Dairyland County, etc. v. Estate of Basnight,* 557 S.W.2d 597, 603 (Tex.Civ.App.— Waco 1977, writ ref. n.r.e.).

### III.

Upon the authority of the *Basnight* case, the *Stowers* rationale as we read it in the Texas cases, and the prevailing view in other jurisdictions, we reverse the judgment of the district court. We need express no opinion on the Texas law under circumstances where the refusal to defend is made in bad faith or where the underlying claim could and should have been settled within the policy limits.

REVERSED and REMANDED.