## CARTHAGE STONE COMPANY v. TRAVELERS INSURANCE COMPANY, Appellant.

In Banc, May 17, 1918.

INDEMNITY INSURANCE: Duty of Insured to Minimize Damages. An indemnity insurance company, which has from the institution of a suit for damages against the insured company by one of its employees for personal injuries steadfastly denied its liability because of lack of timely notice, does not, by a letter notifying the insured that the employee's claim can be settled for a named small sum and offering "by way of compromise" to pay one half of said sum for a release and a stipulation of dismissal, relieve itself from the duty to pay the judgment subsequently obtained against the insured in an undefended trial. Such facts do not justify an invocation of the general rule that the insured company should pay a sum to mitigate the damages when it has the right to recover that sum from the indemnifying company. [Dissenting opinion of FARRINGTON, J., of Springfield Court of Appeals, in same case, 186 Mo. App. l. c. 332 et seq., approved and adopted.]

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*O. C. Mossman* and *McReynolds & Halliburton* for appellant.

*Bailey & Bailey* and *Howard Gray* for respondent.

BROWN, C.—This case is certified to us by the Springfield Court of Appeals upon a division of opin-

ion in that court stating the constitutional grounds therefor.

The plaintiff is a corporation engaged in quarry-, ing stone in this State. The defendant is a Connecticut corporation doing the business in this State of selling indemnity insurance against liability of employers for accidents sustained by employees in the course of their employment. In June, 1908, it sold and issued to plaintiff its policy whereby it agreed with plaintiff "as respects bodily injuries accidentally sustained, including death at any time resulting therefrom," as follows: (1) "To indemnify the assured against loss by reason of the liability imposed upon him by law for damages on account of such injuries." (2) "To serve the assured upon notice of such injuries by such investigation thereof, or by such negotiation or settlement of any resulting claims as may be deemed expedient by the company." (3) "To defend in the name and on behalf of the assured any suits which may at any time be brought against him on account of such injuries, including suits alleging such injuries and demanding damages therefor although such suits, allegations or demands are wholly groundless, false or fraudulent." (4) "To pay all costs taxed against the assured in any legal proceeding defended by the company, all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the limits of the company's liability as hereinafter expressed, all expenses incurred by the company for investigation, negotiation or defense, and the expense incurred by the assured for such immediate surgical relief as shall be imperative at the time any such injury is sustained."

By the terms of the agreement contained in it, the policy was made subject to the following condition: (1) "No action shall lie against the company to recover for any loss under paragraph 1, foregoing unless it shall be brought by the assured for loss actually sustained and paid by him in money in satisfaction of a judgment after trial of the issue." (2) "No condition

or provision of this policy shall be waived or altered except by endorsement attached hereto signed by the president, a vice-president, secretary, or assistant secretary of the company.''

All the questions before us in this appeal relate to the effect of these provisions of the policy considered in connection with the action of the parties with respect to the matters to which they relate.

In April, 1909, and while this policy was in force one David O. Perry, an employee of the plaintiff in a capacity which brought him within the terms of the policy, was injured in the course of his employment. The question arose and was tried in this case as to whether notice was given by the plaintiff to the defendant immediately upon the occurrence of the injury in accordance with a requirement of the policy. There was evidence tending to prove that it was, and also that it was not given. The jury, upon a proper submission of this point, resolved it in favor of the plaintiff, and, upon an examination of the evidence and instructions upon which it was submitted, we see no reason to disturb the verdict in that respect, so that it is eliminated, except in so far as the existence of the controversy may be an element in other questions. The *fact* will be assumed.

November 4, 1911, Perry instituted suit in the Jasper Circuit Court against this plaintiff to recover $4000 on account of his injury, and caused service to be had upon this plaintiff, who immediately transmitted to defendant the process so served, including a certified copy of the petition. In answer it received from McReynolds & Halliburton, acting as attorneys for defendant, under date of November 17, 1911, the following:

''In the matter of the case of David O. Perry v. Carthage Stone Company, returnable to the November Term, 1911, Circuit Court for Jasper County, Missouri, we as local attorneys for the Travelers Insurance Company are instructed to notify you that the company has been waiting to hear from you as to whether or not

this case was ever reported to the Travelers Insurance Company; that they have no record of it and to date have not received any information from Mr. Logan as to whether the case was reported at the time.

"Pending the receipt of this information, they instruct us to advise your company and Mr. Logan on behalf of the Travelers Insurance Company that the Travelers Insurance Company will file through us the necessary pleadings in the case to protect against a default but that our action in so doing shall not be a recognition of liability on the part of the Insurance Company for the case, and shall be without prejudice to the rights of either party.

"We write you this letter under instructions of Mr. O. C. Mossman, attorney for the Travelers Insurance Company, at Kansas City, Missouri. We also enclose herewith a copy of the letter we this morning received from Mr. Mossman in regard to the case of Perry v. Carthage Stone Company."

On January 5, 1912, the same attorneys wrote the plaintiff as follows:

"In the case of D. O. Perry v. Carthage Stone Co., in which we appeared and filed answer for you, after notifying you that we did so at the request of the Travelers Insurance Company, with the further notice that the Travelers Insurance Company did not hold themselves bound by appearing to answer, to defend the case, and did not admit any liability to you by appearing and answering; that they appeared and answered simply for the purpose of holding the case until they could determine whether they were under liability to you on account of the alleged injury.

"We have been instructed by the Travelers Insurance Company to withdraw as attorneys in that case, and to notify you that it will be necessary for you to employ attorneys to look after and defend that case, as the Travelers Insurance Company has decided that it is not liable to you for the injuries alleged and sued for in that case.

"So you are hereby notified that we, as attorneys for the Travelers Insurance Company, will not appear further in that case in the defense thereof, and that, if you desire to defend in that case, you will employ attorneys to defend in your behalf."

On February 12, 1912, the following entry was made in the case: "By leave of court McReynolds & Halliburton withdraw as attorneys for defendant," and on April 1, 1912, the demurrer they had filed was overruled, the matter being taken up "by consent," with permission to answer over on or before May 5th. On June 13th the matter was again taken up, judgment for want of answer entered for plaintiff, an inquiry of damages was had and final judgment entered for $3000. This judgment was afterward set aside, but finally re-entered and paid by the plaintiff.

In the meantime and on April 8, 1912, the attorney of defendant at Kansas City wrote to plaintiff the following letter:

"I wish to formally advise you that the case of Perry vs. your company can be settled for $150. Inasmuch as the Travelers Insurance Company have declined the defense of this case, of which fact you have heretofore been informed, I desire to say that that company by way of compromise offers to pay one-half of the suggested amount, or $75, for a release and a stipulation for dismissal in the case.

"I wish also in this connection to advise you that it is your duty to mitigate the damages as much as possible, and that your claim against the Insurance Company can only be for such amount as was necessary for you to pay in settlement of the case.

"While in your city on the 5th inst. I took this matter up with Mr. J. D. Harris, attorney for the plaintiff, and advised him as to our position.

"You may consider this proposition open for ten days."

The court excluded this letter and also evidence offered by defendant tending to prove that a settlement

could have been made at that time for $150. To this action exception was duly saved. The jury found for the plaintiff and this judgment for $3,081.75 was duly entered upon the verdict, from which this appeal was taken to the Springfield Court of Appeals. That court, in an opinion by STURGIS, J., in which ROBERT-SON, P. J., concurs, held that the judgment should be reversed, and the cause remanded for retrial, summarizing its conclusions as follows:

"We think the facts of this case clearly bring the plaintiff within the rule conceded by it, that a person under the general rule now under consideration should pay a sum to mitigate his damages when he has the right to recover that sum from the wrongdoer; and that this defendant did in effect say to the plaintiff that this case can be settled for $150 and you may settle for that amount and we will litigate as to whether it was our duty to defend the case and if the issue is found against us, the judgment may be for $150 and your costs to date."

FARRINGTON, J., dissented in an opinion, questioning the conclusion of the majority as to the effect of the letter of April 8, 1912, in connection with the provisions of the contract of insurance hereinbefore set out, and holding that the judgment of the trial court should be affirmed. We think that the dissenting opinion correctly states the law applicable to the facts of this case and agree with the conclusion at which it arrives. We therefore adopt the opinion of Judge FARRINGTON, which will be found reported in volume 186 of the Missouri Appeal Reports at page 332 and following, as the opinion of this court. The judgment of the circuit court for Jasper County is accordingly affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of Court in Banc. All concur except *Bond, J.,* who dissents, concurring in the majority opinion of the Springfield Court of Appeals, 186 Mo. App. 318.