271 F.Supp. 502 (1967)
Mark L. HERMAN, Plaintiff,
v.
The WESTERN CASUALTY AND SURETY COMPANY, an insurance corporation, Defendant.
No. 64C 322(1).
United States District Court E. D. Missouri, E. D.
March 15, 1967.
Douglas H. Jones, St. Louis, Mo., and Jean P. Bradshaw, Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for plaintiff.
*503 Don B. Sommers, Gray & Sommers, St. Louis, Mo., for defendant.
HARPER, Chief Judge.

MEMORANDUM OPINION
On February 26, 1963, in the Circuit Court of St. Louis County, one Leo Newman obtained a default judgment in the amount of $91,558.00 against the plaintiff in this action, Mark L. Herman. The plaintiff, a citizen of the state of Missouri, brought this action in tort against the defendant, The Western Casualty and Surety Company, a Kansas corporation, to recover $66,558.00 plus interest, which is that part of the said default judgment in excess of the payment made on said judgment by the defendant. The plaintiff also contends that he is entitled to punitive damages because the defendant insurer committed a willful and wanton tort.
The action was timely filed and jurisdiction of this court exists by way of amount and diversity of citizenship. The facts are before the court on a stipulation, including several exhibits.
On or about April 2, 1957, the defendant issued to the plaintiff's mother, Margy Herman, an automobile liability policy covering a 1951 Dodge automobile owned by the plaintiff. Said policy was for the period from April 2, 1957, to April 2, 1958, and had a liability limit of $25,000.00.
On or about May 25, 1957, the plaintiff, while driving said automobile in an easterly direction on U. S. Route 66 in Webster County, Missouri, fell asleep at the wheel, causing the car to collide with a bridge and overturn. As a result, the plaintiff's passenger, Leo Newman, was seriously and permanently injured.
The accident was duly reported to the defendant insurance company which took a statement from the plaintiff and his mother and told them "to not let anybody else in the house, no matter who comes, not to see anybody or talk to anybody about the case."
Thereafter, a claims attorney for the present defendant represented the plaintiff in a careless and reckless driving charge brought as a result of the said accident, to which the plaintiff entered a plea of guilty.
On June 28, 1957, the defendant insurance company obtained a reservation of rights agreement from Margy Herman, but the defendant intentionally did not and has not obtained such an agreement from the plaintiff.
Thereafter, between June 28, 1957, and November 15, 1957, the possibility of settlement of Leo Newman's claim against the present plaintiff was discussed between the attorney for Leo Newman and the attorney for the present defendant.
On November 15, 1957, the plaintiff received copies of the complaint and summons in a declaratory judgment action (Western Casualty and Surety Company v. Herman, D.C., 209 F.Supp. 94, Cause No. 57C 574) brought by the defendant insurer in the United States District Court for the Eastern District of Missouri on that date. The plaintiff in that action, the present defendant, sought a declaration that it was not liable to defend an action under said policy issued to Margy Herman. On November 4 and 5, 1959, the cause was litigated without a jury before the late Judge Moore, and on April 7, 1960, he entered a judgment in favor of the plaintiff therein, the present defendant. The defendants therein then filed separate motions for new trial which were sustained on March 6, 1961.
On February 20, 1962, Leo Newman, finding the statute of limitations about to run against him, filed a petition against the present plaintiff in the Circuit Court of St. Louis County (Leo Newman v. Hank L. Herman, Cause No. 245388) praying for damages of $100,000.00 for the injuries he had sustained as a result of the said automobile accident, and on February 26, 1962, the plaintiff's attorney requested the present defendant to take over the defense of the action. On March 13, 1962, the present defendant, acting through its attorney, declined such request, and subsequently took no action whatever in the case.
*504 On June 20, 1962, the parties agreed to submit Cause No. 57C 574 to Judge Moore on the record of the proceedings before the judge on November 4 and 5, 1959. No additional evidence was submitted by either party.
On July 21, 1962, Leo Newman, through his attorney, made a written offer of settlement for $25,000.00, which was within the policy limits, to the present plaintiff's attorney, Douglas H. Jones. On August 13, 1962, Mr. Jones sent a copy of the offer of settlement to the attorney for the present defendant, and his own letter demanded settlement within the policy limits. On August 22, 1962, the present defendant refused any offer of settlement at that time.
On August 31, 1962, Judge Moore entered a judgment in favor of the defendants in the declaratory judgment action, thereby holding the insurer (the defendant here) liable to defend the insured (the plaintiff here) on the policy. This judgment was duly appealed.
On January 30, 1963, Douglas H. Jones wrote to the attorney for the present defendant, advising that said case of Leo Newman v. Mark L. Herman was set for February 5, 1963; that the present defendant could have settled the case within the policy limits; and that the present defendant would be held liable for any deficiency, attorney's fees, and costs. In answer to this letter, on February 1, 1963, the present defendant's attorney advised Mr. Jones that the present defendant would not defend Mr. Herman and suggested that Mr. Jones defend the action, and advised Jones that if the policy in dispute was valid the Hermans would be reimbursed for reasonable expenses of litigation and any judgment not to exceed $25,000.00 would be paid.
On February 26, 1963, a default judgment of $91,558.00 was taken in the cause of Leo Newman v. Mark L. Herman.
On June 13, 1963, the U. S. Court of Appeals (Eighth Circuit), 318 F.2d 50, affirmed the last decision of the District Court holding that the present defendant was liable to defend an action under the policy.
Thereafter, on July 15, 1963, the present defendant paid into the Circuit Court of the County of St. Louis the sum of $25,000.00, which was the full liability limit of the said policy plus $1,941.45, representing the full interest to that date on the $91,558.00.
On April 30, 1964, the present action was brought to recover the balance of the $91,558.00 judgment which was not paid by the present defendant. The action was begun in the Circuit Court of Greene County, Missouri, from whence it was removed to the United States District Court for the Western District of Missouri. After granting the defendant's change of venue motion, the cause was transferred to this court. The order transferring the cause contained the following stipulation of the defendant:
"Pursuant to the pre-trial conference and your order in the above captioned matter, the defendant hereby stipulates that had there been no question of policy coverage involved in the case of Western Casualty and Surety Company vs. Margy Herman, et al., in the United States District Court, Eastern District of Missouri, the damage suit of Leo Newman v. Mark L. Herman, filed in the Circuit Court of St. Louis County, Missouri, would have been settled for the full limits of the policy issued by the defendant, to-wit: $25,000.00, and absent such issue of policy defense, defendant would have honored a demand to settle within such policy limits.
"The above and foregoing may be considered an admission of fact, or stipulation of record, which may be used in the trial of the instant action by either of the parties."
The parties are in agreement that the present action is governed by Missouri law, and further, both parties place principal reliance on the same case, Landie v. Century Indemnity Company, 390 S.W. 2d 558 (Kans. City C. App.)
The Kansas City Court of Appeals summarized their fact situation in the Landie case as follows, 390 S.W.2d 561:
"We thus have a factual situation wherein the insurance company has *505 failed and refused to defend an insured and while persisting in such refusal to defend, has refused to settle the suit against the insureds within the limits of the policy, although such settlement was demanded by the insured."
The court in the Landie case then went on to say that if a defendant insurer was acting in bad faith in refusing to settle a claim within the policy limits after a demand had been made upon it to do so by the insured, and as a result a judgment over the policy limits is subsequently obtained against the insured, the insurer is liable to the insured in tort for the entire judgment obtained against him even if such judgment exceeds the policy limits. The court held that it was bad faith for a defendant insurance company to refuse an offer of settlement within the policy limits, after demand had been made to do so by the insured, solely because the defendant insurer believed in good faith that it was not liable under the policy.
Thus, the sole issue before the court is the good or bad faith of the defendant insurer in refusing to settle within the policy limits the case of Leo Newman v. Mark L. Herman.
The plaintiff contends that since the defendant's sole reason for refusing the settlement offer was because of the question of policy coverage (pending in the declaratory judgment action), the Landie case dictates, as a matter of fact and law, a judgment in favor of the plaintiff in this case. The defendant insurer, on the other hand, while conceding that the Landie case expresses the law in Missouri, contends that because it began a declaratory judgment action in good faith to test the policy coverage, which action was still not finally decided when the offer of settlement was made, and because it tendered the defense of the case of Leo Newman v. Mark L. Herman to the plaintiff's counsel, Douglas H. Jones, (two factors not present in the Landie case) it was acting in good faith in refusing to settle within the policy limits.
Are the above two factors sufficient to show that the defendant insurer exercised good faith in refusing to settle Leo Newman's claim against the plaintiff herein within the rule laid down in the Landie case?
It is perfectly true, as the defendant points out, that the Landie case, as well as numerous other authorities, state that the proper method of contesting policy coverage is to institute a declaratory judgment action, which the defendant did. This court readily agrees with that statement, but does the fact that such an action was begun and was not finally decided when the settlement offer was made, a fortiori mean that the defendant insurer is acting in good faith in refusing the settlement offer? The defendant says that it does show good faith because it would have been inconsistent with the declaratory judgment action for the defendant to defend and settle the case of Leo Newman v. Mark L. Herman. The defendant's argument completely overlooks another approach to this problem that the defendant had. When policy coverage is in doubt a defendant insurer is faced with the dilemma of whether to defend an action against the insured. In such a situation the defendant can and often does seek a reservation of rights agreement from the insured. (Annot. 49 A.L.R.2d 694, l. c. 700.) Here the defendant instituted a declaratory judgment action six months after the accident occurred. Since the injured party in this instance did not bring his suit for damages for over four years, under normal circumstances this would have been a sufficient remedy for the defendant, but in this case it was not. Thus, when the defendant discovered that the question of policy coverage was not going to be finally decided before the insured was required to defend the action against him, the defendant still had the opportunity of seeking a reservation of rights agreement from the plaintiff. The defendant intentionally declined to seek such an agreement, and consequently the defendant's argument that it would have been inconsistent for it to defend or *506 settle the suit against the plaintiff is to no avail.
As noted above, the defendant also points out that it tendered the defense of the action against the plaintiff to his attorney, Douglas H. Jones, who refused the tender and consequently a default judgment was entered. The defendant contends that if the plaintiff or his attorney had at least filed an answer in the case it would not have been heard for nearly two years, thereby preventing the judgment. This argument is irrelevant as it has nothing to do with the issue in this case, which is whether or not the defendant exercised good faith in refusing the offer of settlement. Furthermore, there is no evidence that the accepting of the tender would have prevented the trial and there is no challenge as to the merits of the amount of the judgment.
In the final analysis, even if the defendant could not have obtained a reservation of rights agreement from the plaintiff (which is unlikely since the plaintiff's mother did not refuse to sign such an agreement), every single reason that the defendant had in not defending the action against the plaintiff and in refusing to settle the case within the policy limits was designed to promote the insurer's best interests.
The Landie case points out that the question of bad faith is not the question of whether the insurer's position with respect to coverage was in bad faith, but rather whether the insurer acted in bad faith in refusing to settle within the policy limits. One need but consider the injuries to Leo Newman to answer that question, and there is no contention made that the judgment for $91,558.00 is excessive.
Good faith in this case required the defendant to give consideration to the insured's interests in passing upon the settlement offer, regardless of the pendency of the declaratory judgment action. See Radcliffe v. Franklin National Insurance Co., 208 Or. 1, 298 P.2d 1002. The defendant gambled on the question of policy coverage and lost. They are required to pay the consequences.
For the foregoing reasons, this court hereby finds for the plaintiff in the amount of $66,558.00 plus interest of six percent from July 15, 1963, the date upon which the defendant paid $25,000.00 plus interest of the $91,558.00 default judgment against the plaintiff.
While the declaratory judgment matter took an unusual length of time, this was beyond the control of the defendant, and under the facts in this case the court does not find that the defendant's action was willful or wanton, and the plaintiff's prayer for punitive damages is denied.
The court adopts this memorandum opinion and the stipulation as its findings of fact, and the memorandum opinion as its conclusions of law, and the clerk is directed to enter judgment for $66,558.00, plus interest at six percent from July 15, 1963.