**WESTERN CASUALTY AND SURETY COMPANY, Appellant,**

v.

**Mark L. HERMAN, Appellee.**

**No. 19011.**

United States Court of Appeals
Eighth Circuit.

Dec. 31, 1968.

Don B. Sommers, St. Louis, Mo., for appellant.

Jean Paul Bradshaw, of Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for appellee; Warren S. Stafford, Springfield, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and GIBSON and BRIGHT, Circuit Judges.

**122**

VAN OOSTERHOUT, Chief Judge.

This is an appeal by Western Casualty and Surety Company (Western) from a judgment against it for $66,558 in favor of Mark L. Herman, its insured under its automobile liability policy. On May 25, 1957, Leo Newman while riding as a passenger in the insured automobile suffered very severe personal injuries, the extent of which are not here questioned. Such injuries were caused by the negligent operation of the insured automobile by Mark L. Herman.

On February 26, 1963, Newman obtained a default judgment against Herman for $91,558 as damages for the injuries he sustained. Western paid its policy limit of $25,000 and interest on such judgment. The judgment before us represents the amount of the Newman judgment reduced by the $25,000 payment. Liability is predicated on failure of Western to honor the contractual obligation contained in its policy to defend and upon Western's bad faith refusal to settle the Newman claim within policy limits when opportunity so to do was afforded and insured had demanded the settlement be made.

This case was tried to Chief Judge Harper on a stipulation of facts without a jury. Judge Harper, in an excellent opinion reported at 271 F.Supp. 502, fully and fairly sets out all material facts, makes his finding, states and applies the applicable Missouri law and determines that Western is obligated to its insured for the unpaid portion of the judgment above policy limits. We affirm.

Two duties owed by the insurer to the insured are here involved, to wit, (1) the duty imposed by the policy to defend the insured (including omnibus insureds) and (2) the duty to exercise good faith in considering an opportunity to settle a claim within policy limits when demand for settlement is made by the insured.

Western's duty to defend, as pointed out by Judge Harper, is conclusively established in favor of Herman by our decision on such controversy in a declaratory judgment action brought by Western. See Western Cas. & Sur. Co. v. Herman, 8 Cir., 318 F.2d 50, 1 A.L.R.3d 1184 (June 13, 1963). Western concedes that its duty to defend is established. It has recognized its obligation on its policy to pay the judgment to the extent of its policy limits and has paid the limit provided by its policy upon the judgment.

With respect to the insurer's duty to exercise good faith, the trial court held that the good faith requirement related to good faith in considering an available settlement within policy limits and that a good faith belief that no coverage existed, standing alone, would not constitute a defense to a refusal to settle. Upon this issue, the court states:

"The *Landie* case points out that the question of bad faith is not the question of whether the insurer's position with respect to coverage was in bad faith, but rather whether the insurer acted in bad faith in refusing to settle within the policy limits. One need but consider the injuries to Leo Newman to answer that question, and there is no contention made that the judgment for $91,558.00 is excessive.

"Good faith in this case required the defendant to give consideration to the insured's interests in passing upon the settlement offer, regardless of the pendency of the declaratory judgment action. See Radcliffe v. Franklin National Insurance Co., 208 Or. 1, 298 P. 2d 1002. The defendant gambled on the question of policy coverage and lost. They are required to pay the consequences." 271 F.Supp. 502, 506.

Western's principal contention upon this appeal is that the court erred in determining that its good faith belief that no coverage existed constitutes no excuse for its failure to settle. The parties agree that Missouri law controls and that Landie v. Century Indem. Co., Mo.App., 390 S.W.2d 558, controls the decision in this case. A careful reading of *Landie* satisfies us that Judge Harper in the case before us properly interpreted and applied the Missouri law.

The Tenth Circuit in Foundation Reserve Ins. Co. v. Kelly, 10 Cir., 388 F.2d 528, points to the conflict of authority on the issue we are considering and accurately summarizes the holding of *Landie* and Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883, relied upon in *Landie*, as follows:

> "The theory of these cases is that notwithstanding an honest belief by the insurer that the policy is not in effect the company must in good faith consider offers for settlement within the limits of the insurance policy." 388 F. 2d 528, 531.

The Tenth Circuit applies such rule to the case before it, which arose in New Mexico. In footnote 5 the court sets forth the reasoning upon which the California court based its decision.

There is controversy in the decided cases as to what constitutes bad faith in refusing to make a settlement within policy limits. See State Farm Mut. Auto. Ins. Co. v. Jackson, 8 Cir., 346 F.2d 484, 488; Milbank Mut. Ins. Co. v. Schmidt, 8 Cir., 304 F.2d 640, 644; Annot. 40 A.L.R.2d 168, 181. The test is thus stated in *Landie:*

> "Bad faith is shown by the failure of the company to act honestly to save the insured harmless as it has contracted to do in its policy. Good faith requires the company to make any settlement within the policy limits that an honest judgment and discretion dictates." 390 S.W.2d 558, 563.

In our present case, lack of good faith in refusing to settle is conclusively established by the pretrial stipulation of the parties set out in the trial court's opinion. In such stipulation, Western states that absent the policy defense issue it would have settled the Newman claim for the full limit of its policy.

The trial court in its opinion upon the basis of undisputed evidence determines that prompt notice of the claim and suit was given Western and that Western was repeatedly requested to defend the Newman suit and refused to do so. Opportunity and demand for settlement within policy limits are clearly established. The *Newman* judgment was entered subsequent to the district court's determination that coverage existed but prior to our affirming judgment upon appeal. Western had notice of the hearing upon the default judgment and also had notice that Herman was not defending. Western persisted in its refusal to defend. There is no evidence of collusion in the obtaining of the judgment by Newman nor, as stated by the trial court, is there any contention made that the judgment obtained is excessive.

Western points to two factual distinctions between *Landie* and our present case. Such distinctions are: (1) *Landie* suggests that policy coverage can be determined by a declaratory judgment action. A declaratory judgment action was commenced in the present situation and no such action was taken in *Landie*. (2) In the present case, Western tendered the defense to Herman. No such tender was made in *Landie*. Western contends that such distinctions are significant and that by reason of such distinctions, *Landie* does not apply to the facts in this case.

Western, on the declaratory judgment distinction, relies upon the closing lines of a paragraph of the *Landie* opinion reading:

> "Defendant here and in other parts of its brief, complains that if the case does not turn upon the issue of good or bad faith in denying coverage, the company will thereby be denied its right to litigate the question of coverage, and must, as a practical matter, admit coverage and defend in all instances. This, of course, can not be a ground for releasing the company from its obligation to exercise good faith in considering offers of settlement within the policy limits, where coverage does in fact exist, and entirely overlooks the adequate remedy the company has in such situations, by seeking declaratory judgment as to any substantial question of coverage that it may, in fact, desire to litigate." 390 S.W.2d 558, 567.

124

In our view, the reference to declaratory judgment procedure affording an adequate remedy is dictum. The preceding portion of the paragraph and the opinion as a whole clearly reflect that the decision is not based upon the adequacy of declaratory judgment procedure to meet all situations. For example, the *Landie* court after extensively reviewing the *Comunale* case states:

"Thus it follows that where the company breaches its contract and refuses to defend, the insured can only be put in as good a position as he would have been in had not the contract been breached, if the company is required to give good faith consideration to offers of settlement within the limits of the policy, and the insured is given the right to recover judgment in excess of the policy limit when settlement within these limits is refused in bad faith by the company." 390 S.W.2d 558, 564–565.

■ The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202, does not create any new substantive right but rather creates a procedure for adjudicating existing rights. Walker Process Equipment, Inc. v. FMC Corp., 7 Cir., 356 F.2d 449, 451; Reliance Life Ins. Co. v. Burgess, 8 Cir., 112 F.2d 234, 238.

In many situations a justiciable question of policy liability can be determined prior to the adjudication of a claim alleged to be covered by the insurance. Rule 57, Fed.R.Civ.P., authorizes a court to order a speedy hearing of a declaratory judgment action and to advance it on the calendar. This case, in which more than five years intervened between the instance creating liability and the final determination of the declaratory judgment action, shows that determination of coverage prior to determination of liability cannot always be accomplished.

■ We find nothing in the Declaratory Judgment Act which in any way affects the substantive law of Missouri holding that good faith doubt that insurance coverage exists constitutes no excuse for failure to settle within the policy limits. It is for the controlling Missouri court, not for us, to promulgate the substantive law of Missouri and in connection therewith determine the reasonableness of conflicting available solutions.

■ Western accomplished nothing by its tender of the defense to its insured. The offer to reimburse for attorney fees and expenses was subject to the condition that coverage be established and liability on the judgment obtained was limited to the limits set forth in the policy. Under Missouri law, where an insurer wrongfully refuses to defend its insured, the insured owes no duty to the insurer to hire an attorney at his own expense to defend the action. Carthage Stone Co. v. Travelers' Ins. Co., 274 Mo. 537, 203 S.W. 822, adopting dissenting opinion in same case before Springfield Court of Appeals, 186 Mo.App. 318, 172 S.W. 458.

■ More importantly, as stated by Judge Harper, "This argument is irrelevant as it has nothing to do with the issue in this case, which is whether or not the defendant exercised good faith in refusing the offer of settlement." 271 F.Supp. 502, 506. Defendant's argument that it could not consistently defend the Newman suit while the declaratory judgment action was pending because such positions would be inconsistent and would create a conflict of interest on the part of counsel, lacks merit. Insurance companies are frequently placed in an inconsistent position, for example, when a company has covered two automobiles involved in an accident wherein each owner claimed the other to be at fault. Certainly inconsistencies would not in such a situation afford an excuse for refusing to defend either of its insureds. The same is true here. Any conflict of interest on the part of counsel can be eliminated by employing different attorneys to handle the various phases of the litigation. In any event, such circumstances are not at all material on the crucial issue of whether good faith was exercised in considering the settlement.

■ Western has failed to demonstrate that Judge Harper misinterpreted

or misapplied Missouri law in determining under the facts of this case that Western did not exercise good faith in refusing to settle the Newman claim within the policy limits. The *Landie* case cited and relied upon by Judge Harper fully supports the result he reached.

The judgment is affirmed.